In the Matter of ALAN J. KRAFT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1989

#### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Gideon Cashman* of counsel *(Pryor, Cashman, Sherman & Flynn,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Alan J. Kraft, was admitted to the practice of law in the First Judicial Department on June 27, 1951 and has at all times relevant herein maintained a law office in the First Department.

After a hearing, a panel of the Departmental Disciplinary Committee has found the respondent to have been neglectful in his handling of five matters entrusted to him and to have thereby violated Code of Professional Responsibility DR 6-101 (A) (3). The Disciplinary Committee now petitions for confirmation of its factual findings and conclusions of law and for the imposition of an appropriate sanction.

The underlying facts are not disputed. The respondent conducted a high-volume, low-cost divorce practice. The practice specialized in obtaining uncontested divorces. Clients were seen in storefront offices by nonlawyers where they filled out the necessary forms which were later processed by the respondent. In each of the five cases in which respondent has been found neglectful, the client was promised by respondent's agents that a divorce would be expeditiously obtained. In each case, however, there were long delays, sometimes lasting several years beyond the time frame originally represented. It is not disputed that the delays in these uncontested cases were caused by the neglect of the respondent and his employees. The finding of neglect is, therefore, confirmed.

The disciplinary Hearing Panel recommended that the respondent be publicly censured. We agree that this is an appropriate sanction. Although respondent failed to supervise his low-cost, high-volume practice adequately, and must therefore be held accountable *(see, Matter of Neimark,* 13 AD2d 676), it appears from the record that the respondent, who was basically well motivated, never intended to wrong his clients and was himself, to some extent, victimized by the unauthorized actions of one of his employees. Respondent has no prior disciplinary record, he has expressed remorse, and has taken steps to rectify matters in each of the cases in which neglect has been found. There appears to be little prospect that similar problems will recur since respondent has discontinued his low-cost, high-volume practice. Under all the circumstances, we think that a censure is an adequate sanction for the misconduct at issue.

Accordingly, the petition is unanimously granted, the peti-

tioner's findings of fact and conclusions of law are confirmed, and the respondent is censured.

MURPHY, P. J., SULLIVAN, CARRO, MILONAS and SMITH, JJ., concur.

Respondent is censured.