In the Matter of STEPHEN J. HALPERN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 1990

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Stephen J. Halpern,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Stephen J. Halpern, was admitted to the practice of law in New York by the Second Judicial Department

on March 30, 1963. Respondent was also duly admitted to the practice of law in New Jersey in 1983. He has maintained an office for the practice of law in the First Judicial Department at all relevant times herein.

Petitioner Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.3 publicly reprimanding respondent, predicated upon discipline issued by a foreign jurisdiction, or, in the alternative, referring this matter to the DDC for a hearing. The imposition of disciplinary sanctions sought is based upon an order of the New Jersey Supreme Court, entered on September 19, 1989, which publicly reprimanded him.

On March 24, 1988, a statement of charges was served by the District IX Ethics Committee (Ethics Committee) for Monmouth County, New Jersey, alleging that respondent had violated RPC 1.1 (a) (regarding gross negligence), RPC 1.3 (regarding lack of due diligence), RPC 1.15 (a) (which mandates adherence to New Jersey's court rules governing record and bookkeeping practices) and rule 1:21-6 of the New Jersey Court Rules (which establishes bookkeeping requirements). We note that RPC 1.1 (a) and 1.3 are similar to DR 6-101 (A) (3) (regarding neglect of a legal matter) of the Code of Professional Responsibility. RPC 1.15 (a) and rule 1:21-6 correspond to the bookkeeping requirements of 22 NYCRR 603.15 of this court's rules. On April 11, 1988, a Hearing Panel of the Ethics Committee of Monmouth County convened to hear testimony and receive evidence relating to the charges.

The facts adduced at the hearing may be briefly summarized. In May 1986, respondent represented one William Grenderson in a real estate purchase in Kings Landing, New Jersey. Under the terms and conditions of the contract, respondent was to remit proceeds in excess of $110,000, due to the seller, directly to its lender, along with a partial mortgage release. This respondent did not do for some 13 months, at which time the seller realized that the lender was charging interest that had been accruing on the loan subsequent to the sale. Respondent, in an attempt to explain the delay, cited personal problems; however, he acknowledged that he had been "derelict". Moreover, an audit consequently conducted by the Office of Attorney Ethics revealed that respondent's books and records were in substantial violation of the relevant record-keeping rules.

The Disciplinary Review Board concluded that the Ethics

Committee properly determined that respondent had engaged in unethical conduct, and unanimously recommended that he be publicly reprimanded. On September 19, 1989, the Supreme Court of New Jersey directed that respondent be publicly reprimanded for his gross negligence and lack of due diligence as detailed above. By notice of petition dated January 26, 1990, the DDC seeks an order, pursuant to 22 NYCRR 603.3, publicly reprimanding respondent.

Respondent, in opposition, asserts that because he has already been castigated for his actions in New Jersey, he should not be disciplined further. Although respondent has no prior disciplinary record, and frequently represents indigent defendants, we are of the view that, based upon the conduct giving rise to the public reprimand in New Jersey, a censure by this court is a justified sanction. *(Matter of Kraft,* 148 AD2d 149 [1st Dept 1989]; *Matter of Reiss,* 119 AD2d 1 [1st Dept 1986].)

Accordingly, the petition should be unanimously granted, to the extent of censuring respondent.

KUPFERMAN, J. P., SULLIVAN, ROSS, CARRO and KASSAL, JJ., concur.

Petition granted to the extent of censuring respondent.