In re Jeffrey Kestenband

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February two thousand ten,

Present:

José A. Cabranes,
Robert D. Sack,
Richard C. Wesley,
*Circuit Judges.*



---

In re Jeffrey C. Kestenband,

Attorney.

08-9012-am

**ORDER OF
GRIEVANCE PANEL**

---

By order filed in January 2008, this panel referred Jeffrey C. Kestenband to the Court's Committee on Admissions and Grievances ("the Committee") for investigation of the matters described in that order and preparation of a report on whether he should be subject to disciplinary or other corrective measures.

Prior to holding a hearing on this matter, the Committee, in March and April 2008, served Kestenband with two orders to show cause why he should not be subject to disciplinary or other corrective measures. Although Kestenband later acknowledged receipt of both orders, he failed to timely respond to either. After the Committee reached Kestenband by telephone in May 2008, and granted an extension of time to respond to its orders, he submitted a written response one day after the new deadline. At the hearing, held in September 2008, Kestenband presented sworn testimony in response to the Committee's questions and had the opportunity to address the matters discussed in this panel's January 2008 order. Presiding over the hearing were Committee members Evan A. Davis, Esq., Deirdre M. Daly, Esq., and David B. Fein, Esq. Kestenband represented himself during the Committee's proceedings. In February 2009, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations. Thereafter, the Court provided Kestenband with a copy of the Committee's report, and Kestenband responded.

In its report, the Committee concluded that there was clear and convincing evidence that Kestenband had engaged in conduct warranting the imposition of discipline. *See* Report at 10. After noting the presence of various aggravating and mitigating factors, *id.* at 10-12, the Committee recommended that Kestenband be publicly reprimanded, barred from representing clients in this Court in his capacity as a Criminal Justice Act ("CJA") panelist for a two-year period, and subject to certain reporting requirements, *id.* at 12-13. In his response to the Committee's report, Kestenband, *inter alia*, agreed with the two-year CJA bar, but requested that the Court impose a private rather than public reprimand, that the Court not issue a decision in this matter until after his briefing deadline in *United States v. Johnson*, 08-5245-cr, to allow him to demonstrate his commitment to meet such deadlines in the future, and that the Court not require him to submit a copy of the final decision in the present matter to the CJA Panel and Chief Judge of the District of Connecticut. *See* Response at 1-2. Kestenband stated that he would prefer to resign from the district court's CJA Panel rather than be required to submit a copy of the final decision to that court's CJA Panel and Chief Judge. *See id.* at 2.

Regarding the proceedings in *United States v. Johnson*, 08-5245-cr, we note that Kestenband's brief was timely submitted, but was found defective since Kestenband had not filed an index, a CD-ROM appendix, or a pdf version of the brief. *See* 08-5245-cr, notice filed Apr. 30, 2009. Kestenband cured the defect by filing the missing versions of the brief and appendix two weeks after the deadline and the required index a month after the deadline. *See id.*, entries on May 14, and June 1, 2009. Thereafter, Kestenband was granted an extension of time to file a reply brief. *See id.*, order filed Sept. 14, 2009. Two days after the new deadline for his reply brief, Kestenband filed another motion for an extension, which was granted. *See id.*, motion filed Oct. 15, 2009, order filed Oct. 22, 2009. Kestenband's reply brief, and a third motion for an extension of time, were received by the Court five days past the reply brief deadline; however, the requested additional extension was granted and the brief filed. *See id.*, motion, order and receipt entries on Nov. 17, 2009.

Upon due consideration of the Committee's report, the underlying record, and Kestenband's submissions, it is hereby ORDERED that the Committee's findings and recommendations are adopted by the Court, and Kestenband is PUBLICLY REPRIMANDED for the misconduct described in the Committee's report, BARRED from representing clients in this Court pursuant to the CJA for a two-year period commencing with the filing date of this order, and directed to comply with the reporting requirements listed on pages 12 and 13 of the Committee's report.[1] However, Kestenband need not submit a copy of this order to the District of Connecticut's CJA Panel or Chief Judge. We reject the alternative disciplinary measures suggested by Kestenband, aside from the modification noted in the preceding sentence, since those suggested measures would constitute inadequate discipline for his past misconduct.

However, Kestenband may continue any current CJA representation in any appeal now pending in this Court. Additionally, the present order does not bar Kestenband from CJA representation of

---

[1] Kestenband is not a member of this Court's CJA Panel, but has been continued as CJA counsel in this Court after having been appointed as CJA counsel by the district court. The two-year bar on CJA representation in this Court applies regardless of the court making the CJA appointment. If Kestenband is mistakenly continued as CJA counsel in a future case in this Court during that period, he must promptly notify this Court of the need for substitution.

clients in the district courts and should not be perceived as requiring, or favoring, any particular reciprocal discipline by the district courts.

The text of this panel's January 2008 order and the Committee's report are appended to, and deemed part of, the present order for the following disclosure purposes. Kestenband must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Kestenband, this Court's Committee on Admissions and Grievances, the attorney disciplinary committee for the United States District Court for the District of Connecticut, the Statewide Grievance Committee for the State of Connecticut Judicial Branch, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____
Michael Zachary
Supervisory Staff Attorney
Counsel to the Grievance Panel


## APPENDIX 1

### Text of January 2008 order

For the reasons that follow, Jeffrey C. Kestenband is referred to this Court's Committee on Admissions and Grievances for investigation of the matters described below and preparation of a report on whether he should be subject to disciplinary or other corrective measures. *See* Second Circuit Local Rule 46(h). We express no opinion here as to an appropriate disposition. The Committee may, of course, in the first instance, determine the appropriate scope of its investigation.

Kestenband was referred to this panel as a result of the proceedings in *United States v. Abuasi*, 03-1658-cr, which was an appeal from a criminal judgment sentencing Kestenband's client to, *inter alia*, 30 months imprisonment, for attempting to export defense articles designed for military use. This Court's records in that appeal reflect that Kestenband was appointed to represent the appellant pursuant to the Criminal Justice Act ("CJA") and that a due date for the appellant's brief was set for October 2004. *See Abuasi*, 03-1658-cr, order filed Aug. 6, 2004. However, no brief was filed by that date. *Id.* As a result, in December 2004, the Clerk's Office requested, by telephone, that Kestenband submit a motion for an extension of time. *Id.*, docket entry for Dec. 17, 2004. In May 2005, after Kestenband

3

failed to file such a motion (or any other pleading), the Clerk's Office again called Kestenband and asked him to submit a motion for an extension of time. *Id.*, docket entry for May 4, 2005. In July 2005, Kestenband filed a motion for an extension of time to file a brief, and was given until September 16, 2005 to do so. *Id.*, motion filed Jul. 22, 2005 and order filed Aug. 19, 2005. However, a brief was not filed. A docket entry in November 2005 indicates that Kestenband contacted the Court and stated that he intended to submit a motion for an extension of time the following week, but none was filed. *Id.*, docket entry for Nov. 15, 2005. In March 2006, the Clerk's Office again called Kestenband and asked him to submit a motion for an extension of time. *Id.*, docket entry for Mar. 6, 2006. In August 2006, the Clerk's Office called Kestenband and left a message that, if he did not file a motion for an extension within a week, the case would be dismissed on default. *Id.*, docket entry for Aug. 28, 2006. Since no such motion was filed, this Court dismissed the appeal for failure to comply with the scheduling orders. *Id.*, order filed Sep. 27, 2006.

In December 2006, Kestenband filed a motion to reinstate the appeal. *Id.*, motion filed Dec. 22, 2006. In an affidavit attached to the motion, Kestenband presented the following reasons for the lateness of the brief: (1) his other commitments in this Court, including *United States v. Latouche*, 05-1294-cr, and *United States v. Johnson*, 04-5635-cr; (2) "a busy court and trial schedule, including nearly daily court appearances and several jury trials in state and federal court since [being] assigned this case"; and (3) the failure of predecessor counsel to deliver important parts of the record to him, including transcripts and the presentence report. *See Abuasi*, 03-1658-cr, motion filed Dec. 22, 2006. Kestenband added: "Despite these explanations, I recognize that my own dilatory [sic] is also a large reason why Mr. Abuasi's brief has not been filed to date." *Id.* He stated that Abuasi had that week finished reviewing the brief and approved of its filing, and that the brief would be filed the following week. *Id.* This Court reinstated the appeal, and set a due date of February 23, 2007 for the filing of the brief. *Id.*, orders filed Jan. 4, 2007. No brief was filed by the new deadline. *Id.*

In March 2007, the Clerk's Office notified Kestenband that the brief was overdue and that the case would be dismissed on default if papers were not filed by March 21, 2007. *Id.*, docket entry for Mar. 14, 2007. On March 22, 2007, Kestenband filed a motion for an extension of time to file a brief, and was ordered to submit a brief immediately. *Id.*, motion filed Mar. 22, 2007 and order filed Mar. 26, 2007. In April 2007, the appeal was again dismissed for failure to comply with the scheduling order. *Id.*, order filed Apr. 9, 2007. However, the Court immediately reinstated the appeal *sua sponte*, relieved Kestenband as counsel, and ordered new CJA counsel appointed. *Id.*, notice of reinstatement filed Apr. 9, 2007.

In May 2007, Abuasi filed a complaint with this Court against Kestenband. *Id.*, *pro se* letter filed May 16, 2007. Abuasi stated: "Mr. Kestenband's incompetence in progressing with my file in terms of appeals and the filing of required papers on certain dates is unconscionable." *Id.* Abuasi stated that for three years Kestenband had "postponed, unfilled [sic] or totally disregarded" his case, setting Abuasi back "emotionally and judicially." *Id.* In August 2007, successor counsel filed a motion for voluntary dismissal of the appeal, noting that Abuasi had been released from federal custody in January 2005 and that his term of supervised release would expire in early 2008, meaning that the only effect of a successful appeal would be on the outstanding balance of the fine imposed by the district court. *Id.*, motion filed Aug. 28, 2007. In September 2007, the parties agreed to settle the appeal by recommending that the district court accept a reduced fine. *Id.*, settlement agreement filed Sep. 21, 2007. This Court

4

granted the motion for voluntary dismissal. *Id.*, order filed Sep. 26, 2007. We also request that the Committee examine the proceedings in six other appeals in this Court in which Kestenband was counsel of record for the appellants. In *United States v. Antigua (Santos)*, 02-1602-cr, Kestenband was appointed CJA counsel in October 2003. *Id.*, order filed Oct. 7, 2003. In December 2003, Kestenband requested an extension of time to file a brief, and was given until January 30, 2004 to do so. *Id.*, motion filed Dec. 18, 2003 and order filed Dec. 22, 2003. In March 2004, the Clerk's Office left a message for Kestenband regarding the overdue brief. *Id.*, docket entry for Mar. 24, 2004. A similar message was left in April 2004. *Id.*, docket entry for Apr. 15, 2004. Later in April 2004, the Clerk's Office asked Kestenband to file a motion for an extension of time. *Id.*, docket entry for Apr. 29, 2004. Kestenband filed the requested motion, and was given until May 24, 2004 to file his brief. *Id.*, motion filed May 5, 2004 and order filed May 7, 2004. On May 26, 2004, Kestenband filed an *Anders* brief. *Id.*, docket entries for May 26, 2004. Thereafter, Kestenband was relieved pursuant to *Anders* and the judgment was summarily affirmed. *Id.*, docket entries at Nov. 17, 2004.

In *United States v. Brown*, 03-1542-cr, Kestenband was appointed CJA counsel in December 2003, and the initial due date for the appellant's brief was set as March 30, 2004. *Id.*, order filed Dec. 31, 2003. In June 2004, Kestenband informed the Court that he would file a motion for an extension of time as soon as possible. *Id.*, docket entry at Jun. 22, 2004. In July 2004, Kestenband filed a motion for an extension of time to file a brief, and was given until August 2004 to do so. *Id.*, motion filed Jul. 1, 2004 and order filed Jul. 7, 2004. The order granting the extension of time noted that any further extension motions would be decided by a judge of the Court and would not be granted absent extraordinary circumstances. *Id.* In October 2004, the Clerk's Office left a message for Kestenband informing him the brief was overdue. *Id.*, docket entry for Oct. 19, 2004. In November 2004, Kestenband filed another motion for an extension of time to file a brief. *Id.*, motion filed Nov. 23, 2004. In December 2004, a judge of this Court denied the motion, but granted Kestenband a seven-day grace period for the filing of the brief. *Id.*, order filed Dec. 2, 2004. The order also stated that Kestenband "should cease ignoring the scheduling orders of the Court." *Id.* The brief was not filed. On April 12, 2005, Kestenband informed the Clerk's Office that he would file another motion and a brief the following week. *Id.*, docket entry at Apr. 12, 2005. More than a month later, Kestenband filed a brief. *Id.*, brief filed May 17, 2005. In October 2005, this Court affirmed the appellant's conviction but remanded the case for resentencing consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *See id.*, summary order filed Oct. 18, 2005.

In *United States v. Miller*, 03-1667-cr, Kestenband was appointed CJA counsel in April 2004, and the initial due date for the appellant's brief was set as June 7, 2004. *Id.*, order filed Apr. 14, 2004. In July 2004, the Clerk's Office left a voicemail message for Kestenband informing him that the brief was overdue. *Id.*, docket entry for Jul. 27, 2004. In August 2004, Kestenband filed a motion for an extension of time to file a brief, requesting that he be permitted to wait until issuance of the Supreme Court's decision in *United States v. Booker*. *Id.*, motion filed Aug. 17, 2004. A judge of this Court granted Kestenband until September 20, 2004 to file a brief, stating that no further extensions would be granted and that a short statement in the brief would be sufficient to preserve any *Booker* issues. *Id.*, order filed Aug. 20, 2004. In November 2004, Kestenband filed a brief, along with a motion for leave to file out of time, which was granted. *Id.*, motion filed Nov. 8, 2004 and order filed Nov. 16, 2004. Thereafter, this Court affirmed the judgment of the district court. *See id.*, summary order filed Apr. 1, 2005.

In *Johnson*, 04-5635-cr, one of the cases cited by Kestenband as cause for his delinquencies in *Abuasi*, Kestenband was appointed CJA counsel and the initial due date for the appellant's brief was set as February 28, 2005. *Id.*, order filed Dec. 6, 2004. No brief was filed by that date, and, in April 2005, the Clerk's Office left a message for Kestenband instructing him to file a motion for an extension of time. *Id.*, docket entry for Apr. 13, 2005. Nothing further was filed until July 2005, when Kestenband filed a motion for an extension of time to file a brief and he was granted until August 26, 2005 to do so. *Id.*, motion filed Jul. 22, 2005 and order filed Jul. 28, 2005. In September 2006, the Clerk's Office left a voicemail message for Kestenband advising him that the appeal would be dismissed for default unless he filed a motion for an extension of time. *Id.*, docket entry for Sep. 21, 2006. In November 2006, Kestenband filed a motion for an extension of time to file a brief and was ordered to submit the brief immediately. *Id.*, motion filed Nov. 14, 2006 and order filed Dec. 1, 2006. In January 2007, Kestenband filed a brief. *Id.*, brief filed Jan. 4, 2007. The appeal is awaiting oral argument.

In *Latouche*, 05-1294-cr, another case cited by Kestenband as cause for his delinquencies in *Abuasi*, the initial due date for the appellant's brief was set as May 25, 2005. *See Latouche*, 05-1294-cr, order filed Apr. 5, 2005. In June 2005, Kestenband filed a motion for an extension of time to file a brief and was granted until July 25, 2005 to do so. *Id.*, motion filed Jun. 23, 2005 and order filed Jun. 24, 2005. In July 2005, Kestenband filed another motion for an extension of time to file a brief and was granted until August 25, 2005 to do so, with a warning that any further extension request would not be granted absent extraordinary circumstances. *Id.*, motion filed Jul. 22, 2005 and order filed Jul. 28, 2005. Kestenband filed nothing and, more than a year later, in September 2006, the Clerk's Office called Kestenband and informed him that the case would be dismissed if he did not file a motion for an extension of time. *Id.*, docket entry for Sep. 21, 2006. In October 2006, the Government filed a letter asking that the case be dismissed as defaulted. *Id.*, letter filed Oct. 18, 2006. In November 2006, Kestenband filed a motion for an extension of time to file a brief, explaining that the delay was caused by: (1) the length of the trial; (2) the nuances of the arguments to be raised on appeal; (3) the need for daily court appearances in other cases; and (4) the work required by five pending appeals. *Id.* Kestenband was granted until November 10, 2006 to file the brief. *Id.*, order filed Nov. 9, 2006. On November 13, 2006, Kestenband filed a brief. *Id.*, brief filed Nov. 13, 2006. The appeal is awaiting oral argument.

In *United States v. Brown*, 05-6619-cr, the initial due date for the appellant's brief was set as February 28, 2006. *Id.*, order filed Jan. 5, 2006. In June 2006, the Clerk's Office called Kestenband and asked him to file a motion for an extension of time. *Id.*, docket entry for Jun. 7, 2006. Similar calls were made in August 2006 and September 2006. *Id.*, docket entries for Aug. 16, 2006 and Sep. 25, 2006. In November 2006, a three-judge panel granted Kestenband's motion to stay the appeal pending state court proceedings, with the requirement that he inform the Court of his intentions within two weeks of the disposition of the state appeal. *Id.*, motion filed Nov. 3, 2006 and order filed Nov. 22, 2006. In April 2007, the Clerk's Office asked Kestenband to inform the Court in writing whether he intended to proceed with the appeal. *Id.*, docket entry for Apr. 25, 2007. In July 2007, the parties filed a stipulation to withdraw the appeal without prejudice to reinstatement should the appellant's state conviction be vacated pursuant to a habeas corpus petition. *Id.*, motion filed Jul. 11, 2007. A judge of this Court ordered the stipulation construed as a motion and referred it to a panel to determine the propriety of the relief sought. *Id.*, order filed Jul. 25, 2007. In August 2007, this Court ordered the parties to brief, within two weeks of the order, whether the stipulation was moot in light of the district court's then-

6

recent denial of the habeas corpus petition. *Id.*, order filed Aug. 10, 2007. The Government replied to that order, but Kestenband did not. *Id.*, Government letter filed Aug. 15, 2007. In November 2007, this Court denied, as moot, the motion to dismiss the appeal without prejudice to reinstatement, in light of the denial of the habeas petition, and afforded Kestenband 30 days to: (1) file a brief on the merits; (2) file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967); or (3) move to withdraw the appeal. *Id.*, order filed Nov. 9, 2007. The order also stated that, if Kestenband did not timely comply, he would be relieved as CJA counsel and denied CJA fees. *Id.* In December 2007, Kestenband timely complied with the November 2007 order by filing a motion to withdraw the appeal. *Id.*, motion filed Dec. 6, 2007. This Court granted the motion to withdraw the appeal. *Id.*, order filed Dec. 11, 2007.

Upon due consideration of the matters described above, it is ORDERED that Jeffrey C. Kestenband is referred to this Court's Committee on Admissions and Grievances for investigation and preparation of a report consistent with Federal Rule of Appellate Procedure 46, this Court's Local Rule 46(h), and the Rules of the Committee on Admissions and Grievances.

Furthermore, a copy of this order will be submitted to this Court's committee of judges responsible for overseeing the Court's CJA Panel, for such action as that committee deems appropriate. Although Kestenband is not a member of the Court's CJA Panel, he has received CJA appointments in this Court through the continuation of his CJA representation of clients in district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____/s/_____

Michael Zachary
Supervisory Staff Attorney
Counsel to the Grievance Panel

7

**February 2009 Report of the Committee
on Admissions and Grievances**

**In re Jeffrey C. Kestenband (08-9012-am)**

## I.    Introduction

By Order dated January 29, 2008 (the "Referral Order"), the United States Court of Appeals for the Second Circuit (the "Court") referred Jeffrey C. Kestenband to this Committee for investigation of his conduct before the Court and preparation of a report on whether he should be subject to disciplinary or other corrective measures.

The Referral Order states that Kestenband has failed to comply with the briefing schedules in at least seven appeals before the Court. In at least one case, the Court removed Kestenband as counsel for failure to comply with the Court's briefing schedule. With one minor exception discussed below, Kestenband does not dispute any of the allegations in the Referral Order. In view of Kestenband's failures to comply with briefing schedules and failures to seek timely extension motions, and in consideration of the aggravating and mitigating circumstances discussed below, the Committee concludes Kestenband's neglect and lack of diligence in these matters is of sufficient magnitude to justify a sanction.

The Committee recommends that Kestenband be publicly reprimanded for his conduct. With respect to Kestenband's service as a Criminal Justice Act ("CJA") panelist, the Committee recommends that Kestenband be prohibited, for a period of two years, from representing clients in his capacity as a CJA panelist before the Second Circuit. As further described below, the Committee also recommends that Kestenband be required to submit a copy of the public reprimand to the Standing Committee of the Criminal Justice Act Panel and the Chief Judge for the District of Connecticut, as well as disclose for a period of two years this reprimand in any subsequent applications for appointment or reappointment to any CJA panel. As further described below, the Committee also recommends that Kestenband be required, in connection with his practice in any federal court in the Second Circuit or in any federal administrative

agency whose action is subject to the Second Circuit's review, to submit to the Committee sworn statements identifying under oath each and every instance during each of four reporting periods described below in which (1) a submission is not filed or filed out of time; or (2) an application is made for permission to make a late filing only after the due date has passed. The following constitutes the Committee's report and recommendation to impose discipline on Kestenband.

## II.    The Disciplinary Proceeding

On March 5, 2008, the Committee sent a Notice of Referral and Proceeding to Kestenband (the "First Notice"). The First Notice ordered, inter alia, Kestenband to show cause why the Committee should not recommend disciplinary and/or other corrective action in connection with the matters described in the Referral Order. The First Notice directed that Kestenband provide his response to the Committee within 30 days, and it identified the information that Kestenband was required to include in the response pursuant to Committee Rule 7(c). Kestenband did not respond.

On April 14, 2008, the Committee sent a Second Notice of Referral and Proceeding to Kestenband (the "Second Notice"). The Second Notice advised Kestenband that the Committee had not received any response to the First Notice and informed him that the Committee would proceed without the benefit of a response if he failed to respond by April 29, 2008. Kestenband did not respond.

In a May 6, 2008 call initiated by the Committee, Kestenband confirmed that he had received the First and Second Notices. On May 16, 2008, Kestenband left a voicemail for the Committee stating that he would respond to the Committee in the next week, and the Committee treated that voicemail as an untimely request for an extension, which was granted to May 23, 2008. In two letters dated May 24, 2008, Kestenband responded to the Committee (the "Response").

On August 15, 2008, the Committee advised Kestenband that a hearing in this matter was scheduled for September 9, 2008.

On September 9, 2008, Evan A. Davis, Deirdre M. Daly and David B. Fein conducted the hearing, which Kestenband attended. Andrew B. Dean, assistant to the Committee, was also present. Kestenband was permitted to make a post-hearing submission to the Committee, which he chose not to make.

## III.    Background

The following facts are taken from Court records and Kestenband's Response and testimony.

Kestenband graduated from law school in 1997. He was admitted to the bar of the State of Connecticut in 1998. He was later admitted to the bars of the District Court for the District of Connecticut, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

From 1997 through mid-2005, Kestenband was an associate at several law firms, and from mid-2005 through 2006, he was a named partner at a law firm. Tr. 7:7-15. In January 2007, he helped start Tindall, Stratton & Kestenband, where he still practices, as a named partner. Tr. 6:11-24; Tr. 7:3-4. At the time of the hearing, the "vast majority" of Kestenband's practice was state criminal work, and about 90% to 95% of his work was criminal law generally. Tr. 9:14-20; 10:4-17. At his firm, there are two secretaries / paralegals, and another individual who is awaiting admission to the bar and currently acts as a paralegal. Tr. 7:22-8:3. Kestenband maintains his own calendar, and he is generally not assisted by any attorneys on his cases.

Since 2003, Kestenband has been a member of the District of Connecticut's CJA panel. Kestenband was aware of two cases that the District of Connecticut CJA panel had assigned to him, and he was aware of two other District of Connecticut CJA cases where he assisted other attorneys. Tr. 10:18-11:5.

In 2002 or early 2003, Kestenband sought admission for the Second Circuit's CJA panel. Tr. 11:17-20. He applied to the Second Circuit's CJA panel because he believed that doing appellate work would help him become a "complete criminal lawyer" and a "better trial lawyer." Tr. 11:21-12:9. After his term on the Second Circuit CJA panel ended, he chose not to seek readmission because of his heavy caseload. Tr. 12:10-20. During his term, he was assigned between six and ten CJA cases.

At the time of the hearing, Kestenband had two cases pending in the Second Circuit (United States v. Arnold Bell and United States v. Luis Gonzalez), both of which he handled in the District Court as CJA counsel and continued in the Second Circuit as CJA counsel. Tr. 13:5-14:6.

## IV. The Legal Standard

Under the Rules of this Committee,

> "An attorney may be subject to discipline or other corrective measures for any act or omission that violates the rules of professional conduct or responsibility of the state or other jurisdiction where the attorney maintains his or her principal office, or the rules of professional conduct of any other state or jurisdiction governing the attorney's conduct. An attorney may also be subject to discipline or other corrective measures for any failure to comply with a Federal Rule of Appellate Procedure, a Local Rule of the Court, an order or other instruction of the Court, or a rule of professional conduct or responsibility of the Court, or any other conduct unbecoming a member of the bar."

Rules of the Committee on Admissions and Grievances, Rule 4.

"A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule." Fed. R. App. P. 46(c). "Conduct unbecoming a member of the bar" may include any conduct "contrary to

3

professional standards that show[s] an unfitness to discharge continuing obligations to clients or courts, or conduct inimical to the administration of justice." In re Snyder, 472 U.S. 634, 645 (1985). For "[m]ore specific guidance," the Court may look to "case law, applicable court rules, and 'the lore of the profession,' as embodied in codes of professional conduct." Id. at 646 n.7.

Courts have consistently treated neglect of client matters and ineffective or incompetent representation as sanctionable conduct. See, e.g., Gadda v. Ashcroft, 377 F.3d 934, 940 (9th Cir. 2004); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 133 (2d Cir. 2004); Matter of Rabinowitz, 596 N.Y.S.2d 398, 402 (N.Y. App. Div. 1993); United States v. Song, 902 F.2d 609 (7th Cir. 1990); Matter of Kraft, 543 N.Y.S.2d 449 (N.Y. App. Div. 1989); In re Bithoney, 486 F.2d 319 (1st Cir. 1973). Such conduct is also sanctionable under the applicable professional rules and standards. The American Bar Association's Standards for Imposing Lawyer Sanctions call for a range of sanctions from reprimand to disbarment for various forms of "lack of diligence" and "lack of competence." ABA Standards §§ 4.4, 4.5. The Disciplinary Rules of New York's Lawyer's Code of Professional Responsibility require that "[a] lawyer shall not . . . [n]eglect a legal matter entrusted to the lawyer," D.R. 6-101(A)(3); in addition, the Code's Ethical Canons require that the lawyer should represent his or her client "zealously," Canon 7-1, and that he or she "be punctual in fulfilling all professional commitments," Canon 7-38.

"Any finding that an attorney has engaged in misconduct or is otherwise subject to corrective measures must be supported by clear and convincing evidence." Rules of the Committee on Admissions and Grievances, Rule 7(h). Once misconduct has been established, in determining the sanction to be imposed, the Committee should generally consider: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. See ABA Standards § 3.0. This Committee may recommend to the Court's Grievance Panel a range of sanctions, including disbarment, suspension, public or private reprimand, monetary sanction, removal from pro bono or Criminal Justice Act panels, referral to other disciplinary bodies, supervision by a special master, counseling or treatment, or "such other disciplinary or corrective measures as the circumstances may warrant." Rules of the Committee on Admissions and Grievances, Rule 6.

## V.     Alleged Misconduct and Kestenband's Response

The Referral Order discusses seven appeals where Kestenband failed to comply with scheduling orders. In his May 24, 2008 Response to the Committee and at his hearing, Kestenband listed three reasons why he failed generally to file briefs by their due dates: (1) he did not have sufficient time to focus on brief writing because he was frequently in court; (2) he filed high quality briefs, which required a significant amount of time to write; and (3) he had a busy trial practice. At his hearing, Kestenband added that he failed to file timely briefs or extension motions because he put more emphasis on "substantive," as opposed to procedural, aspects of appeals. Tr. 23:14-24:6. As discussed below, Kestenband provided at the hearing some additional reasons for his failures with respect to certain appeals.

### A.     United States v. Abuasi

4

In United States v. Abuasi, a criminal appeal in which Kestenband was appointed CJA counsel on August 6, 2004, the brief was initially due on October 25, 2004. Kestenband failed to file the brief or a motion for extension at that time.

The Court called Kestenband in December 2004 and again in May 2005 to request that he file a motion for extension of time. Kestenband filed motions for extension in July and August 2005. The Court granted an extension and he was ordered to file the brief by September 16, 2005. He failed to do so.

On November 15, 2005, Kestenband informed the Court that he was going to file an extension motion the following week. He failed to do so.

On March 6, 2006, the Court called Kestenband and asked him to file a motion for extension of time within a week. He failed to do so.

On August 28, 2006, the Court left a message for Kestenband advising him that if he did not file an extension motion, the case would be dismissed on default. On September 27, 2006, the case was dismissed for failure to file a brief.

On December 22, 2006, Kestenband sought to reinstate the appeal. The appeal was reinstated on January 4, 2007 with a new due date of February 23, 2007. He failed to file a brief or motion for extension at that time.

On March 14, 2007, the Court notified Kestenband that the brief was overdue and that the case would be dismissed if papers were not filed. On March 22, 2007, Kestenband moved for an extension of time, which was granted, and he was directed to file a brief immediately. He failed to file a brief or motion for extension at that time.

On April 9, 2007, the appeal was dismissed for failure to comply with the scheduling order. On the same date the appeal was dismissed, the Court reinstated the appeal and sua sponte dismissed Kestenband as counsel, which was more than two and a half years after the initial due date for the brief. In September 2007, Abuasi, with the assistance of new counsel, entered a settlement agreement with the government and the appeal was voluntarily dismissed.

In his Response, Kestenband pointed out only one inaccuracy, which does not serve as the basis for disciplinary action, in the Referral Order.[1] In addition to his general explanation for failing to comply with briefing schedules (discussed above), Kestenband testified as to additional factors that resulted in his failures in Abuasi. Kestenband explained that he started his work on the appeal by visiting Abuasi while the client was incarcerated in Pennsylvania. Tr. 18:6-12. He then sought the file from Abuasi's trial attorney, but the file was not sent despite Kestenband's repeated phone calls. Tr. 18:13-19:10. Kestenband then contacted the U.S. Attorney's office for the file, but he only received part of it. Kestenband also stated that he failed to diligently pursue

---

[1] The Referral Order states that Kestenband represented to the Court in a December 22, 2006 filing that Abuasi had finished reviewing the brief, approved of its filing, and that the brief would be filed the following week. The Committee credits Kestenband's explanation that he was referring to another client, not Abuasi, who was reviewing a brief on another case. Tr. 15:8-22.

Abuasi's appeal because at some point during the course of the appeal, Abuasi, who had been incarcerated, was released. Response at 2 ("I admittedly prioritized other cases with incarcerated clients once I learned that Mr. Abuasi had been released.").

When the Court relieved Kestenband from representing Abuasi, Kestenband felt "disappointed" and "embarrassed." Tr. 24:24-25:4.

## B.    United States v. Antigua (Santos)

In United States v. Antigua (Santos), a criminal appeal in which Kestenband was appointed CJA counsel on October 7, 2003, the brief was initially due on December 8, 2003. He failed to file a brief at that time, but a motion for extension to file a brief was docketed on December 9, 2003.

The motion for extension of time was granted and Kestenband was given until January 30, 2004 to file the brief. He failed to do so.

On March 24 and April 15, 2004, the Court left messages with Kestenband regarding the overdue brief. He failed to file a brief or a motion for extension at those times.

On April 29, 2004 the Court asked him to file a motion for an extension of time. On May 5, 2004, he filed an extension motion, which was granted, and he was given until May 24, 2004 to file a brief. On May 26, 2004, the Court docketed Kestenband's Anders brief and motion to be relieved as counsel for the reason that the appeal presented no non-frivolous issues.

At the hearing, Kestenband did not disagree with these facts. Tr. 26:9-13. In addition to Kestenband's general explanation for his failure to comply with briefing schedules, he noted that Antigua's appeal was the first that he received from the Second Circuit CJA panel and that Kestenband took on too many such appeals at that time. Tr. 26:14-27:22.

Kestenband's client Antigua was incarcerated during the course of the appeal. Tr. 46:22-23.

## C.    United States v. Brown

In United States v. Brown, a criminal appeal in which Kestenband was appointed CJA counsel on December 13, 2003, the brief was initially due on March 30, 2004. Kestenband failed to file the brief or a motion for extension at that time.

On June 22, 2004, Kestenband informed the Court that he would file a motion for extension of time as soon as possible, which he did on July 1, 2004. That motion was granted and Kestenband was given until August 30, 2004 to file the brief. He failed to do so.

On October 19, 2004, the Court left a message informing Kestenband that the brief was overdue. He failed to file a brief or a motion for extension at that time.

6

On November 23, 2004, Kestenband filed another motion for extension of time. The Court denied the motion on December 2, 2004 but gave Kestenband a seven-day grace period for filing the brief, and the Court also ordered that Kestenband should cease ignoring scheduling orders of the Court. Kestenband failed to file the brief or a motion for extension at that time.

On April 12, 2005, Kestenband informed the Court that he would file another motion and brief the following week. He failed to do so.

On May 17, 2005, Kestenband filed the brief.

At the hearing, Kestenband did not disagree with these facts. Tr. 29:3-6. Kestenband stated that one cause of his failure to comply with the briefing schedule was that the file that he received from prior counsel was in disarray that took Kestenband ten to twelve hours to organize. Tr. 29:9-16. Kestenband testified that he did not consider informing the Court on a timely basis of the problem with the file and seek an extension that would allow him to file the brief in compliance with the Court's rules. Tr. 30:3-16. As part of his Response and in support of his claim that he filed high quality briefs, Kestenband submitted the Brown brief to the Committee for its consideration.

Kestenband's client Brown was incarcerated during the course of the appeal, but it is not clear whether Brown would otherwise have been incarcerated on account of another conviction. Tr. 46:24-25; 47:7-14.

**D.     United States v. Miller**

In United States v. Miller, a criminal appeal in which Kestenband was appointed CJA counsel on April 14, 2004, the brief was initially due on June 7, 2004. Kestenband failed to file the brief or a motion for extension at that time.

On July 27, 2004, the Court left Kestenband a voicemail informing him that the brief was overdue. He failed to file a brief or a motion for extension at that time.

On August 17, 2004, Kestenband filed a motion for an extension of time, which was granted, and he was given until September 20, 2004 to file the brief. He failed to do so.

On November 8, 2004, Kestenband filed the brief along with a motion for leave to file out of time, which was granted.

At the hearing, Kestenband did not disagree with these facts. Tr. 31:11-13. Despite his failure to comply with the briefing schedule, Kestenband suggested that he worked hard for his client. Kestenband stated that the Assistant United States Attorney (AUSA) on the case believed that the appeal was frivolous and thought that an Anders brief should be filed. However, Kestenband said that he carefully reviewed the case and was able to raise an appealable issue. Tr. 31:16-32:9. As part of his Response and in support of his claim that he filed high quality briefs, Kestenband submitted the Miller brief to the Committee for its consideration.

7

Kestenband's client Miller was incarcerated during the course of the appeal. Tr. 47:2-3.

### E. United States v. Johnson

In United States v. Johnson, a criminal appeal in which Kestenband was appointed CJA counsel on December 6, 2004, the brief was initially due on February 28, 2005. Kestenband failed to file the brief or a motion for extension at that time.

On April 13, 2005, the Court left a message for Kestenband, directing him to file a motion for extension of time. He failed to file a brief or motion for extension at that time.

On July 22, 2005, Kestenband filed a motion for extension of time, which was granted, and he was given until August 26, 2005 to file the brief. He failed to do so.

On September 21, 2006, more than one year after the brief was due, the Court left a message for Kestenband, advising him that the appeal would be dismissed unless he filed a motion for an extension of time.[2] Kestenband filed such a motion on November 14, 2006.

On December 1, 2006, the Court ordered Kestenband to file a brief immediately. He failed to do so.

On January 4, 2007, Kestenband filed the brief. On January 30, 2008, Kestenband filed a late reply brief along with a motion to file a late reply brief, and the Court denied the motion to accept the late reply brief on January 31, 2008.[3]

At the hearing, Kestenband did not disagree with these facts. Tr. 33:25-34:3. In addition to the general reasons for not complying with briefing schedules, Kestenband suggested that the complexity of the case added to the delay. Tr. 34:4-18. Kestenband stated that while he was concerned that Johnson was incarcerated during the long appeal, Kestenband "didn't see how it would serve [Johnson's] interest to rush a brief through that would only increase the possibility that his conviction could be affirmed because [Kestenband] didn't put in the time necessary to do a good brief." Tr. 35:6-19. As part of his Response and in support of his claim that he filed high quality briefs, Kestenband submitted the Johnson brief to the Committee for its consideration.

Kestenband's client Johnson was incarcerated during the course of the appeal. Tr. 47:4-6.

### F. United States v. Latouche

In United States v. Latouche, a criminal appeal in which Kestenband was appointed CJA counsel on April 5, 2005, the brief was initially due on May 25, 2005. Kestenband failed to file the brief or a motion for extension at that time.

---

[2] Kestenband testified that he believed that he worked on Johnson's appeal between the August 26, 2005 date that the brief was due and the September 21, 2006 call that he received from the Court. Tr. 36:10-37:6.

[3] Kestenband did not believe that his failure to file a timey reply brief, which was not accepted by the Court, was prejudicial to his client. Tr. 50:17-51:11.

On June 23, 2005, Kestenband filed a motion for an extension of time, which was granted, and he was given until July 25, 2005 to file the brief. On July 22, 2005, he filed a motion for extension of time, which was granted, and he was given until August 25, 2005, with a warning that any further extension request would not be granted absent extraordinary circumstances. He failed to file the brief or a motion for extension by the new deadline.

On September 21, 2006, more than one year after the brief was due, the Court called him. He filed a motion for an extension of time in November 2006, which was granted and he was given until November 10, 2006 to file the brief. A brief was docketed on Monday, November 13, 2006.

At the hearing, Kestenband did not disagree with these facts. Tr. 44:7-9. He explained that, for this particular appeal, it was important for the brief to contain a "specific" statement of facts because the arguments on the law could only be successful if the case was "viewed favorably from a factual standpoint." Tr. 44:17-24. As part of his Response and in support of his claim that he filed high quality briefs, Kestenband submitted the Latouche brief to the Committee for its consideration.

Kestenband's client Latouche was incarcerated during the course of the appeal. Tr. 46:18-19.

### G. United States v. Brown (II)

In United States v. Brown (II), a criminal appeal in which Kestenband was appointed CJA counsel to represent the same appellant as in Section C. above, the brief was initially due on February 28, 2006. Kestenband failed to file the brief or a motion for extension at that time.

On June 7, August 16, and September 25, 2006, the Court called Kestenband and asked him to file a motion for an extension of time. He failed to do so.

On November 3, 2006, he filed a motion to stay the appeal pending state court proceedings. On November 22, 2006, that motion was granted with a requirement that he inform the Court of his intentions within two weeks of the disposition of the state appeal.

On April 25, 2007, the Court asked Kestenband to inform the Court in writing whether he intended to proceed with the appeal. He failed to do so.

On July 11, 2007, the parties filed a stipulation to withdraw the appeal without prejudice to reinstatement should the appellant's state conviction be vacated. The Court ordered that the stipulation be treated as a motion and referred it to a panel, and the Court then ordered the parties to brief within two weeks of its order whether the stipulation was moot in light of the district court's then recent denial of the habeas petition. As a result of that order, a letter brief was due by August 24, 2007. Kestenband failed to file the brief or a motion for extension at that time.

9

On November 9, 2007, the Court denied the motion to dismiss as moot in light of the denial of the habeas petition, and Kestenband was given 30 days to file a brief on the merits, file an Anders brief, or move to withdraw the appeal. On December 6, 2007, Kestenband moved to withdraw the appeal, which was granted.

At the hearing, Kestenband did not disagree with these facts. Tr. 50:10-12.

Kestenband's client Brown was incarcerated during the course of the appeal, but it is not clear whether Brown would otherwise have been incarcerated on account of another conviction. Tr. 46:24-25; 47:7-14.

## VI. Disciplinary Action Is Warranted

Based on clear and convincing evidence, the Committee finds that disciplinary action is warranted in this case based on "conduct unbecoming a member of the bar." Fed. R. App. P. 46(c). Specifically, Kestenband has engaged in "conduct inimical to the administration of justice," In re Snyder, 472 U.S. 634, 645 (1985), and neglected a matter entrusted to a lawyer, DR-6-101(A)(3), by failing to timely submit briefs and requests for an extension of time in at least seven appeals. In Abuasi, the appeal was dismissed twice as a result of Kestenband's failure to comply with scheduling orders (it was reinstated both times), and the Court removed him from the appeal in connection with the second dismissal. The Committee notes that there is no dispute over any fact that serves as a basis for disciplinary action.

There are both aggravating and mitigating circumstances here. See ABA Standards §§ 9.22; 9.32.

Aggravating factors include (1) a pattern of misconduct and multiple offenses, ABA Standard § 9.22(c) & (d); (2) failure to respond in a timely fashion to the Committee's requests; and (3) the vulnerability of the victims of Kestenband's inattentiveness, ABA Standard § 9.22(h).

First, a pattern of failing to meet deadlines or failing to apply for an extension before the deadline has passed is an aggravating circumstance. ABA Standard § 9.22(c) ("a pattern of misconduct"); 9.22(d) ("multiple offenses"). At some point in each of the appeals discussed in the Referral Order, Kestenband failed to file timely briefs and timely motions for extension of time. He timely sought the Court's permission to extend his deadlines on only several occasions. Kestenband's Response stated that he was aware of the deadlines and was aware that he should have filed motions for extension of time.

Second, Kestenband also failed to meet deadlines in his dealings with the Committee. Kestenband failed to respond to the First Notice, dated March 5, 2008, and the Second Notice, dated April 14, 2008. He admitted that he received the notices and failed to respond to them. He said that he received the First Notice while he was preparing for a difficult state trial, and he prioritized his client's trial over responding to the Committee's notices. Tr. 61:21-22. He stated that he planned on responding to the notices, Tr. 61:20-21, but he also knew that his response would require "hours" that would have been at the expense of his client's trial. Tr. 71:3-11. He also stated that he had not been aware that he could ask for an extension to respond. Tr. 70:18-71:13.

10

Failure to respond to the Committee could constitute an independent basis for disciplinary action, but the Committee does not recommend separate or independent discipline on this ground. Instead, the Committee has considered Kestenband's lack of attentiveness towards these disciplinary proceedings to be an aggravating factor with respect to the underlying matters described in the Referral Order. Moreover, the Committee notes that Kestenband's lack of attentiveness towards this disciplinary proceeding is consistent with the lack of attentiveness to the cases that caused the Court to refer Kestenband to the Committee.

Third, an aggravating factor is the vulnerability of the victims of Kestenband's inattentiveness -- namely, criminal defendants who are either imprisoned or facing criminal punishment and relying on Kestenband's professional skills. ABA Standard § 9.22(h). As described above, each of Kestenband's clients was incarcerated at some point during the course of the respective appeals. In two of those appeals, Johnson and Latouche, an entire year passed where Kestenband failed to file a brief or motion to extent time.

Mitigating factors include (1) the absence of a prior disciplinary record, ABA Standard § 9.32(a); (2) remorse, ABA Standard § 9.32(l); (3) affirmative steps at corrective action; and (4) high quality briefs.

First, Kestenband stated that he has not been subject to any previous discipline. In his Response, he stated that he has received several grievance complaints in state court, but he responded to them and all of the grievances were dismissed. He also provided letters from the respective state grievance committees stating that the proceedings had been resolved without discipline.

Second, Kestenband, in his letter to the Committee, apologized to his clients who he represented in the Second Circuit and to the Committee for his actions.

Third, prior to these proceedings, Kestenband took some steps to address the problems with his practice. He told the Committee that he did not seek readmission to the Second Circuit's CJA panel because his workload was too heavy. Tr. 12:10-20. He also said that he tries not to have more than two appeal briefs on his docket at any one time. Tr. 65:19-23. Kestenband also explained that he attempted to obtain assistance to help with his heavy workload, but that compensation for CJA cases did not make it feasible to hire experienced attorneys. Tr. 63:9-65:6. He had one experience working with a law student. Based on that experience, he believed that if he used law students to assist on appeals, then he would have to spend the same amount of time on the appeal in order to check the law student's work. Id. While the Committee does not believe that Kestenband has resolved the issues that he has had with the timely filing of briefs, his attempts at corrective action prior to this Committee's proceedings are considered as mitigation.

Fourth, the Committee notes that Kestenband appears to have prepared high quality briefs in the Second Circuit. The four briefs submitted by Kestenband, referenced above, are lengthy, filled with case citations, appear to have required a fair amount of effort and are specific to the appellant. Without evaluating the merits of the underlying arguments or whether the appropriate appellate issues were raised in the briefs, the Committee believes that the briefs are well-written and researched. The Committee also notes that the briefs, where applicable, cite heavily to the

11

record below. While the apparent high quality of the briefs does not excuse his failure to file briefs and extension motions in a timely manner, these facts are considered as mitigation.

## VII.   Recommendation

A single instance of conduct inimical to the administration of justice or neglect of a matter entrusted to an attorney might not justify any sanction, but here the Committee reviewed seven appeals where there was misconduct and neglect. The aggravating factors are significant. Although Kestenband does not have a significant practice before the Second Circuit, he does have a high incidence of late filings before the Court.

Accordingly, Kestenband should be publicly reprimanded for his failures as set forth herein. (A draft form of reprimand is attached).  The matters cited in the Referral Order are matters in which Kestenband was representing his clients on CJA referral, and he did not pursue these matters with the level of diligence demanded by professional standards. The Committee further recommends that Kestenband be prohibited, for a period of two years, from representing clients before the Second Circuit in his capacity as a CJA panelist. To avoid disruption to his clients, we recommend that he be permitted to continue representing clients on any appeals currently pending in the Second Circuit. With respect to Kestenband's membership on the CJA panel in the District of Connecticut, the Committee recommends that Kestenband be required to submit a copy of the public reprimand to the Standing Committee of the Criminal Justice Act Panel and the Chief Judge for the District of Connecticut. Along with the copy of the reprimand letter, Kestenband should advise the District Court for the District of Connecticut, in writing, that the Second Circuit, upon the Committee's recommendation, has required that the reprimand letter be submitted for the purpose of considering Kestenband's continued membership as a CJA panelist. These submissions shall be made not more than ten days after Kestenband's receipt of the reprimand letter, with copies and proof of delivery provided to the Committee Secretary not more than five days thereafter (in any event no more than fifteen days after Kestenband's receipt of the reprimand letter). Further, the Committee recommends that Kestenband be required, for a period of two years, to disclose this reprimand in any subsequent application for appointment or reappointment to any CJA panel.

In addition, the Committee recommends that Kestenband should be required, in connection with his practice in any federal court in the Second Circuit or in any federal administrative agency whose action is subject to the Second Circuit's review, to submit to the Committee sworn statements identifying under oath each and every instance during each of the four reporting periods described below in which (1) a submission is not filed or filed out of time; or (2) an application is made for permission to make a late filing only after the due date has passed. It is expected that these reports will show no such instances absent exigent circumstance, which circumstances should be attested to under oath in the respective report.

In the event that a report is not timely filed or reveals deficiencies not justified by exigent circumstance, the Committee may recommend the imposition of additional discipline, including but not limited to suspension from the Second Circuit, without hearing further testimony.

The following reporting periods and deadlines shall be observed.  The report for each reporting period shall be mailed to the Committee Secretary within ten days of the end of that

12

reporting period. The first reporting period shall commence ten days after the Committee's recommendation is mailed to Kestenband and shall end six months after the Second Circuit issues its order of disposition in this matter. Each of the three subsequent reporting period shall be for a reporting period commencing at the end of the prior reporting and ending six months later. A total of four reports will be prepared and mailed to the Committee Secretary.