# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand ten.

PRESENT:
> José A. Cabranes,
> Robert D. Sack,
> Richard C. Wesley,
> > *Circuit Judges*.

_____

In re Eroll Skyers,

        Attorney.

09-90099-am

**ORDER OF
GRIEVANCE PANEL**

_____

For Eroll Skyers:      Eroll Skyers, Esq., Bridgeport, Connecticut.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Skyers be PUBLICLY REPRIMANDED for engaging in conduct unbecoming a member of the bar, and BARRED from

representing clients in this Court in his capacity as a Criminal Justice Act panelist for a two-year period commencing with the filing date of this order.

By order filed in October 2009, this Court directed Eroll Skyers to show cause why he should not be subject to disciplinary or other corrective measures based on his conduct in *United States v. Baxter (Henderson)*, 08-4975-cr, and *United States v. Jones (Leonard T. Jones)*, 03-1276-cr (L), 03-1629 (con). In both cases, Skyers had been continued as counsel pursuant to the Criminal Justice Act ("CJA"), but later terminated as counsel after he had failed to file briefs for his clients. The October 2009 order also directed Skyers to provide this Court with additional information regarding his disciplinary and litigation history, and to list "all cases in this Court in which he is, or was, counsel of record or performing legal services for any litigant." *See* October 2009 Order.

In his response to the October 2009 order, Skyers briefly discussed his representation of Jerry Henderson in *Baxter*, stated that he has not been previously suspended or disbarred from practice in any other court, although he has been reprimanded on several occasions, presented a list of pending cases, and argued that discipline is not currently warranted.

We find Skyers's response inadequate for several reasons.

2

First, Skyers's explanation for his conduct in *Baxter,* 08-4975-cr, is insufficient.  Skyers stated that he had been "prevented" from filing a brief for Henderson "by inattention, inadvertence and chronic procrastination," but did not otherwise explain the circumstances surrounding that default or the multiple opportunities he had been given to proceed with the appeal.  Skyers also did not explain his failure to respond to this Court's repeated attempts to contact him regarding the status of the appeal between April and August 2009, or his failure to proceed after informing court employees that he would do so.

Second, Skyers failed to address his conduct in, or even mention, *Jones*, in which he had represented Leonard Jones.  As noted in the October 2009 order, Jones's appeal had been dismissed based on Skyers's failure to prosecute; although the Court had issued an order in that appeal directing Skyers to, *inter alia*, explain his conduct in that case, the docket indicates that Skyers failed to respond to that directive.  *See* 03-1629-cr.  Thus, not only is Skyers responsible for the default dismissal in *Jones*, he has twice failed to explain his conduct in that case despite being explicitly directed to do so.

Third, Skyers failed to list "all cases in this Court in which he is, or was, counsel of record or performing legal services for any litigant."  *See* October 2009 Order.  In his response, Skyers indicated that he was counsel in two cases in this Court: *Baxter*, 08-4975-cr, and *Mohamed v. Laz Parking*, 02-

3

7339-cv. However, this Court's records indicate that he also represented parties in six other matters: (1) *Assegai v. Bloomfield Board of Education*, 04-3667-cv (attorney for Appellant Kuba Assegai); (2) the above-noted *United States v. Jones (Leonard T. Jones)*; (3) *Barlow v. Department of Public Health,* 04-2915-cv (attorney for Appellant Aurice Barlow); (4) *Diggs v. Manchester,* 04-1976-cv (attorney for Appellant Marcus H. Diggs); (5) *Brown v. American Golf Corp.,* 03-7632-cv (attorney for Appellant Sean Brown); and (6) *Bennings v. Department of Correction,* 02-7475-cv (attorney for Appellee "Law Offices of Skyers & Skyers, P.C.").

Upon due consideration, it is hereby ORDERED that Skyers is PUBLICLY REPRIMANDED for both the misconduct described in the October 2009 order and his failure to properly respond to that order, and BARRED from representing clients in this Court in his capacity as a CJA panelist for a two-year period commencing with the filing date of this order. Skyers's defaults in *Baxter* and *Jones*, his failure to respond to multiple inquiries from the Court concerning those cases, his failure to properly respond to the October 2009 order, and his significant reprimand history leave us without assurance that he will be able to conform to this Court's rules and orders in future cases. However, since his misconduct primarily occurred in cases in which he represented clients pursuant to the CJA, we limit his suspension

4

to such cases.[1]

The text of this panel's October 2009 order is appended to, and deemed part of, the present order for the following disclosure purposes. Skyers must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Skyers, this Court's Committee on Admissions and Grievances, the Statewide Grievance Committee for the State of Connecticut Judicial Branch, the grievance committees for the United States District Courts for the District of Connecticut, the Southern District of New York, and the Eastern District of New York, and all other courts and jurisdictions to which this Court

---

[1] Skyers is not a member of this Court's CJA Panel, but has been continued as CJA counsel in this Court after having been appointed as CJA counsel by the district court. The two-year bar on CJA representation in this Court applies regardless of the court making the CJA appointment. If Skyers is mistakenly continued as CJA counsel in a future case in this Court during that period, he must promptly notify this Court of the need for substitution. The present order does not bar Skyers from CJA representation of clients in the district courts and should not be perceived as requiring, or favoring, any particular reciprocal discipline by the district courts.

distributes disciplinary decisions in the ordinary course.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk




                    By:  Michael Zachary
                         Counsel to the Grievance Panel




## APPENDIX 1

## Text of October 2009 order

     For the reasons that follow, Eroll Skyers is ordered to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.1.

     Skyers was referred to this panel as a result of the proceedings in *United States v. Baxter (Henderson)*, 08-4975-cr, in which he represented Jerry Henderson.  The appeal was from a district court criminal judgment sentencing Henderson to, *inter alia*, 240 months' imprisonment.  Although Henderson filed a *pro se* notice of appeal, there is nothing on the district court's docket sheet indicating that Skyers was relieved as counsel for Henderson, nor is there any indication that Skyers sought such relief.  Thereafter, Skyers failed to abide by this Court's October 2008 briefing order, which explicitly stated that the Court had continued Skyers as counsel of record for Henderson. In February 2009, Skyers informed the Clerk's Office that he had been unaware of the appeal; he was then told to propose a filing date for his brief as soon as possible.  He did not do so.  In April and June 2009, the Clerk's Office left telephone messages informing Skyers that the appeal was in default, and requesting that he contact the Court immediately.  He did not do so.  In July 2009, this Court's Criminal Justice Act ("CJA") Case-Budgeting Attorney made repeated attempts to contact Skyers, and when he finally reached Skyers, he reiterated to Skyers that his client's case was in default, and that if he continued to be unresponsive to the Court's calls or requests he could be removed from the CJA Panel.  Skyers responded that he would

proceed with the appeal. Later in July 2009, Skyers left a message with the Clerk's Office, indicating that he intended to proceed with the appeal by making a request for the sentencing transcripts. The Clerk's Office attempted to contact him later the same day, and again in August 2009, but he did not return the messages that were left for him. Later in August, the Clerk's Office contacted the district court reporter, who indicated that she had not received a request from Skyers for the sentencing transcript. Later in August, this Court issued an order relieving Skyers as counsel for Henderson, and appointing new counsel. *See Baxter (Henderson)*, 08-4975-cr.

We note that Skyers also was relieved as counsel in a previous case before this Court. Skyers was counsel of record for the appellant, Leonard Jones, in *United States v. Jones (Leonard T. Jones)*, 03-1276-cr (L), 03-1629-cr (Con). In May 2006, this Court dismissed the appeal for failure to prosecute and directed Skyers to, *inter alia*, file a motion explaining his conduct in that case. *See* 03-1629-cr, letter filed 5/9/2006. There is nothing on this Court's docket sheets indicating that he did so. In June 2006, this Court *sua sponte* reinstated the appeal, relieved Skyers as counsel, and ordered that new counsel be appointed. *See id.*, reinstatement order filed 6/2/2009.

Finally, the web site for the State of Connecticut Judicial Branch indicates that the Connecticut Statewide Grievance Committee has reprimanded Skyers on several occasions. *See* Connecticut Statewide Grievance Committee Decisions concerning complaints 01-0276, 01-0383, 01-0471, and 07-0022, available at http://www.jud.ct.gov/SGC/decisions/ (last checked 9/18/2009).[2]

---

[2] In 01-0276, Skyers was reprimanded for failing to properly respond to a grievance. In 01-0383, Skyers was reprimanded for failing to: (a) act with reasonable diligence in representing a client in an action; (b) keep the client reasonably informed about the case status; (c) promptly comply with the client's reasonable requests for information; and (d) properly respond to the grievance. In 01-0471, Skyers was reprimanded for: (a) failing to act with reasonable diligence in representing a client in an action; (b) failing to keep the client reasonably informed about the case status; (c) failing to promptly comply with the client's requests for information; (d) failing to properly respond to the grievance; and (e) constructively terminating his representation and failing to protect the client's interests. Finally, in 07-0022, Skyers was reprimanded for failing to timely respond to a grievance. *See* Connecticut Statewide Grievance Committee Decisions concerning 01-0276, 01-0383, 01-0471, and 07-0022, available at

7

This Court's local rules provide that counsel in a criminal action who wishes to be relieved from representing the defendant when an appeal is taken must comply with Local Rules 4(b)(c) and 4(b)(d). Under Local Rule 4(b)(c), counsel must,

> before moving [to be relieved], advise the defendant that the defendant must promptly obtain other counsel unless the defendant desires to proceed *pro se* and that if the defendant is financially unable to obtain counsel, a lawyer may be appointed by this court under the Criminal Justice Act. If the defendant wishes to have a lawyer so appointed on appeal, counsel must see to it that the defendant receives and fills out the appropriate application forms . . . If the defendant desires to proceed *pro se*, counsel must advise the defendant of the requirements concerning the time within which the record must be docketed and the brief filed.

2d Cir. Local R. 4(b)(c). In addition to his failure to abide by the briefing orders in *Baxter (Henderson)* and *Jones*, there is no indication that Skyers complied with Local Rule 4(b) in either case.

Upon due consideration of the matters described above, it is ORDERED that Skyers show cause, in a detailed declaration, why disciplinary or other corrective measures, including suspension or removal from the bar of this Court, should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.1.

[additional text omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: /s/
Michael Zachary
Counsel to the Grievance Panel

---

http://www.jud.ct.gov/SGC/decisions/ (last checked 9/18/2009).