14-90008-am
In re Castillo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand sixteen.

PRESENT:
> José A. Cabranes,
> Robert D. Sack,
> Richard C. Wesley,
> > *Circuit Judges.*

_____

| | |
|---|---|
| In re Gaspar Castillo, | 14-90008-am |
| Attorney. | ORDER OF GRIEVANCE PANEL |

_____

Upon due consideration, it is hereby ORDERED, ADJUDGED, AND DECREED that Gaspar Castillo be PUBLICLY REPRIMANDED for engaging in conduct unbecoming a member of the bar, and BARRED from

representing clients in this Court pursuant to the Criminal Justice Act for a two-year period commencing with the filing date of this order.

Gaspar Castillo was admitted to the New York State bar in 1981, and to this Court's bar in 1983.[1]

## I.    Prior Order Imposing Private Reprimand

In June 2014, we privately reprimanded Gaspar Castillo for his conduct in *United States v. Morgan*, 12-3231, and his failure to properly respond to our order to show cause why he should not be disciplined for that conduct.  In that case, Castillo represented Steven Ray Morgan in his appeal from a criminal judgment sentencing him to, *inter alia*, 240 months' imprisonment.  By defaulting on numerous occasions in that appeal, Castillo put his client at serious risk of prejudice, wasted the time of Court employees and judges, delayed the processing of other appellants' cases, and caused unnecessary expense to the public.

---

[1] As of April 1, 2016, the New York State attorney registration web site indicated that Castillo's bar status is "delinquent," although the web site does not explain the reason for that status.  In his response to our October 2015 order to show cause why he should not be disciplined, Castillo stated that he is in good standing with all bars of which he is a member.

**II.  Present Proceeding**

In October 2015, Castillo was again ordered to show cause why he should not be disciplined for his misconduct in this Court.  The new order was based on his conduct in *United States v. Morales*, 15-438, in which he represents Hector Morales in his appeal from a criminal judgment sentencing him to, *inter alia*, 360 months' imprisonment. Similar to his misconduct in *Morgan*, Castillo has defaulted on a number of occasions in *Morales*, and failed to respond to multiple telephone calls from the Clerk's Office concerning his defaults.

Castillo's response to the October 2015 order was due by November 4, 2015.  It was filed on November 19, 2015, and only after a Court employee inquired as to its status.  He did not request an extension of time or explain his delay.

In his response, Castillo acknowledged his defaults in *Morales*, and stated that he accepted responsibility, had no excuse, and was extremely remorseful.  *See* Response at 2 ¶ e.  While he stated that he was not "technologically sa[v]vy," *id.*, he did not identify the technological issues or explain how they caused or contributed to his defaults.  Similarly, while he also stated that he has had, "over the last couple of years, personal issues that have caused [him] significant stress and distractions," *id.*, he did not provide any

3

further description of those issues or explain the effect they have had on his practice.  Finally, Castillo asserted, *inter alia*, that he is "in the process of hiring an assistant to assist [him] with filing," and he is "in the process of securing a time management program." *Id.*  No further details are provided concerning any of the corrective measures mentioned by Castillo.

Conspicuously absent from Castillo's response is any assurance that he has cured, or will cure, the long-standing default noted in our October 2015 order.  In fact, he has not done so.  Over five months have passed since entry of that order, but the last default in *Morales* remains uncured and prevents the appeal from proceeding.  The Clerk's Office left four voicemail messages for Castillo between June and September 2015 concerning that default; Castillo also was reminded of the default in October 2015, when our order was served on him, and in November 2015, when he was informed that a response to that order was overdue.  An additional attempt to remind Castillo of the default was made this month, but Castillo's telephone went unanswered and the call was not forwarded to voicemail.

Castillo's corrective measures also appear to have been ineffective in *United States v. Riglioni (Nelson)*, 15-517, in which he represents Barkel Nelson in his appeal from a criminal judgment sentencing him to, *inter alia*, 70 months' imprisonment.  By order

4

filed in April 2015, the Court informed Castillo that the appeal was in default and would be dismissed if he failed to file a required form by April 20, 2015.  The docket does not reflect any response from Castillo.  Fortunately for his client, the appeal was not dismissed; instead, in May through July 2015, the Clerk's Office left three voicemail messages for Castillo about the default.  The docket reflects no further activity until January 2016, when Castillo returned the telephone calls and filed the required document.  On March 1, 2016, Castillo was informed by telephone of another default, and he stated he would cure the default the next day.  After he failed to do so, two more telephone calls were made, but Castillo's telephone went unanswered without being forwarded to voicemail.  Castillo filed the required document on March 30, 2016.[2]

**III. Disposition**

**A. Mitigating and Aggravating Factors**

We first conclude that Castillo has not presented any cognizable mitigating factors.  His assertions about technology and personal

---

[2] This Court's records indicate that Castillo was appointed to represent Morgan, Morales, and Nelson by the United States District Court for the Northern District of New York under the Criminal Justice Act ("CJA").  His CJA appointments in those cases continued in this Court pursuant to this Court's Local Rule 4.1(a).  He is not a member of this Court's CJA Panel.

issues that have caused stress and distraction are conclusory and entitled to no weight.

Castillo's response also suggests, in conclusory fashion, that he may have been overwhelmed by his other obligations. As we stated in our June 2014 order, the cure for that was fairly obvious – he could have, with little investment of time, sought extensions of time, a stay of proceedings, temporary withdrawal of any appeal that could not proceed, leave to withdraw as counsel, or guidance from the Court. Ignoring this Court's orders and requests, and assuming the Court will forgive all defaults, is not an option.

There are at least two significant aggravating factors. First, our June 2014 private reprimand Castillo put him on notice of the Court's concerns, and he has failed to alter his behavior. Although he stated in his response to the October 2015 order that he is "in the process" of implementing corrective measures, he did not explain what measures were taken after our June 2014 order or why any such measures failed.

Second, the fact that Castillo's misconduct occurred in criminal appeals, where important liberty interests are at stake, is also a significant aggravating factor. *See In re Aranda*, 789 F.3d 48, 59 (2d Cir. 2015). Morales was sentenced to 360 months' imprisonment; Nelson to 70 months' imprisonment. Castillo's

6

defaults put his clients at serious risk of severe prejudice, "specifically, the substantial risk that the appeal[s] could have been dismissed." *Id.* at 51; *see also In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009) ("[A] reasonable attorney with thirty years' experience ... clearly would know that defaulting on a client's case leaves open the possibility of severe prejudice.").

**B. Disciplinary Measures**

Castillo's response to our October 2015 order, and his continued misconduct after our June 2014 reprimand, leave us without assurance that he will be able to conform to this Court's rules and orders in future cases. Upon due consideration, it is therefore hereby ORDERED that Castillo is PUBLICLY REPRIMANDED for the misconduct described in the October 2015 order, and BARRED from representing clients in this Court in his capacity as a CJA panelist for a two-year period commencing with the filing date of this order.[3]

---

[3] *See In re Skyers*, 382 F. App'x 11 (2d Cir. 2010)(imposing public reprimand and two-year bar on representing litigants in this Court under the CJA, based on, *inter alia*: defaults in two criminal appeals; failure to respond to multiple inquiries from the Court concerning those cases; failure to properly respond to the Court's order to show cause why he should not be disciplined; and significant reprimand history); *In re Kestenband*, 366 F. App'x 305 (2d Cir. 2010)(same discipline imposed, based on multiple defaults in seven criminal appeals); *In re Kulcsar*, 417 F. App'x 15 (2d Cir. 2011) (imposing six-month suspension, followed by one-year bar on representing litigants in this Court under the CJA, based on, *inter alia*: defaults in a number of criminal appeals, resulting in the dismissal of five

Since Castillo's misconduct occurred in cases in which he represented clients pursuant to the CJA, we limit his suspension to such cases. The two-year bar on CJA representation in this Court applies regardless of the court making the CJA appointment. If Castillo is mistakenly continued as CJA counsel in a future case in this Court during that period, he must promptly notify this Court of the need for substitution. The present order does not bar Castillo from CJA representation of clients in the district courts and should not be perceived as requiring any particular form of reciprocal discipline by the district courts.

**C. Representation in *Morales* and *Nelson***

Castillo must, within fourteen days of the date of this decision, move to withdraw as counsel in both *Morales* and *Nelson*. Failure to comply with that deadline will result in suspension from this Court's bar. He must thereafter fully cooperate with new counsel, and is barred from requesting fees for these cases.

**D. Notice to Public and Other Courts**

The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies

---

of those appeals; failure to respond to numerous Court communications; violation of duty of diligence; and violation of CJA rules requiring counsel to continue representation until granted leave to withdraw and prohibiting delegation of tasks to non-employees).

8

to the public in the same manner as all other unpublished decisions of this Court.  Copies are to be served on: Castillo; the attorney disciplinary committee for the New York State Appellate Division, Third Department; the United States District Court for the Northern District of New York (specifically, the judges chairing its attorney disciplinary and CJA committees); the judge chairing this Court's CJA committee; and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[4] Counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other attorney disciplinary authorities.  While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

9