(October 21, 1994)

■ In the Matter of SANTO J. BONANNO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [617 NYS2d 584] —Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintains an office for the practice of law in New Jersey where he was admitted to practice in 1981.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent based upon his public reprimand by the Supreme Court of New Jersey on May 10, 1994. Respondent opposes the motion.

It appears that respondent has been a solo practitioner since his admission and has no prior disciplinary record. In 1985, he hired a legal assistant who respondent believed had graduated from law school but had failed the New Jersey bar examination several times. Through apparently exemplary work, the assistant gained respondent's confidence and his employment responsibilities expanded; at the same time, respondent's supervision of his work decreased. Without respondent's knowledge or authorization, the assistant began holding himself out as an attorney, representing clients, and embezzling client funds. When respondent became aware of the assistant's misconduct, he fired the assistant. The New Jersey Supreme Court reprimanded respondent for his conduct in the supervision of a non-attorney employee and in the management of his law office in violation of the rules of professional conduct of New Jersey prohibiting gross neglect, aiding the unauthorized practice of law, and failure to supervise adequately a non-

attorney employee. The Court's reprimand also encompassed respondent's use of letterhead that was improper because it was misleading in several respects.

In view of the ample findings of fact and conclusions of law supporting the imposition of discipline in New Jersey, we find that it would not be unjust to impose reciprocal discipline upon respondent pursuant to section 806.19 [22 NYCRR 806.19] of this Court's rules. We further find that the ends of justice will be served by imposing the same discipline in this State as was imposed in New Jersey. We therefore censure respondent.

Cardona, P. J., Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion is hereby granted; and it is further ordered that respondent is hereby censured.