[741 NYS2d 240]

In the Matter of Curt Meltzer (Admitted as Curt Owen Meltzer), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 9, 2002

#### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Curt Meltzer was admitted to the practice of law

in the State of New York by the Second Judicial Department on February 20, 1980, as Curt Owen Meltzer. At all times relevant hereto, respondent has maintained an office for the practice of law within the First Judicial Department.

On May 25, 2001, petitioner Departmental Disciplinary Committee (DDC) served respondent with a notice and statement of charges charging respondent with 10 counts of professional misconduct. Respondent was charged with engaging in conduct reflecting adversely on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3); being responsible for the neglect of three legal matters by a nonlawyer under his supervision in violation of DR 1-104 (d) (2) (22 NYCRR 1200.5); aiding a nonlawyer in the unauthorized practice of law in violation of DR 3-101 (22 NYCRR 1200.16); sharing legal fees with a nonlawyer in violation of DR 3-102 (22 NYCRR 1200.17); forming a corporation with a nonlawyer, which entity was engaged in the practice of law, in violation of DR 3-103 (22 NYCRR 1200.18); and neglecting a legal matter entrusted to him in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30). Respondent filed an answer admitting all but one of the charges.

The parties entered into a prehearing stipulation dated August 2, 2001, in which respondent admitted to all of the charges except one, which was disputed only as to whether the stipulated facts constituted a violation of the Disciplinary Rules. On August 2, 2001, a referee conducted a hearing on the charges. DDC staff called no witnesses, relying instead on the stipulation. During the sanction stage of the hearing, respondent and his treating psychiatrist testified. By report dated November 8, 2001, the referee sustained all 10 charges and recommended the sanction of public censure. A Hearing Panel of the DDC heard oral argument on December 13, 2001, and subsequently issued a report, dated January 8, 2002, unanimously confirming the referee's findings of fact and conclusions of law, and concurring in the referee's recommendation that respondent be publicly censured.

The relevant facts are undisputed. In August 1996, respondent and his long-time paralegal/office manager, Annie Chan-Eng, formed a corporation, Golden Mountain International, Inc. (GM), in which respondent had a 50% ownership interest and a 50% interest in any profits generated. GM, through Ms. Chan-Eng, a nonlawyer, provided legal services in immigration matters to individual clients, and respondent associated with GM in his capacity as a lawyer. In addition, respondent ne-

glected, and was responsible for Ms. Chan-Eng's neglect of, immigration law matters for three different clients. For example, important papers were not timely filed with the Immigration and Naturalization Service, as clients had been promised, or such papers were filed without required supporting information. In one matter, Ms. Chan-Eng dishonestly concealed the neglect from the client. Further, when two of the clients made inquiry of respondent and demanded that their fees be refunded, respondent sent the clients angry correspondence baselessly claiming that all work promised had been done in a timely fashion, and, in one case, threatening to call the police if the client appeared at his office again without an appointment.

The only charge respondent denied was that he had violated DR 3-102 by sharing in the legal fees generated by GM through the services of Ms. Chan-Eng, a nonlawyer. Respondent did not deny any of the underlying facts on which this charge was based, but argued that, because GM never earned a profit, there was no sharing of fees and therefore no violation of DR 3-102. The referee rejected this argument and sustained the charge. We agree with the referee that a lawyer violates DR 3-102 by agreeing to share legal fees with a nonlawyer through distribution of corporate profits regardless of whether the corporation in question actually earns a profit.

Although respondent's guilt of misconduct as alleged by the DDC staff is undisputed, the referee and the Hearing Panel recommended that the sanction of public censure be imposed based on the existence of substantial mitigating factors, as established by respondent's testimony and that of his treating psychiatrist. Respondent has no prior disciplinary record, and performed pro bono work for about 10 years. During the period of the relevant events, respondent's 21-year marriage came to an end, resulting in his loss of regular contact with his two sons. In addition, respondent experienced financial difficulties as the result of the break-up of his law firm and ensuing litigation. Respondent was evicted from his former office on one month's notice, his family home was auctioned, and he was forced to deplete his IRA to make mortgage payments and to support his family. During the relevant period, respondent was diagnosed as suffering from major depression, for which he received psychiatric treatment. At present, respondent continues to receive psychiatric counseling, which appears to have stabilized his personal and professional life sufficiently to allow him to properly represent his present clients and to rebuild his practice.

Respondent has expressed remorse for his misconduct, which expression the referee and the Hearing Panel found to be genuine. In addition, respondent had already made refunds of fees to two of the complainants prior to the hearing. Respondent assured the Hearing Panel that he has reduced his workload to avoid further neglect of client matters, and that he now personally reviews all documents before they leave his office.

The DDC now moves for an order pursuant to 22 NYCRR 603.4 (d), confirming the findings of fact and conclusions of law of the referee and the Hearing Panel, and imposing the sanction of public censure. The motion is granted in its entirety. In prior cases, we have imposed the sanction of public censure, rather than suspension, based on evidence that the attorney's misconduct arose from serious financial or psychological problems or traumatic life events, and that the attorney had taken steps to resolve the problems which contributed to the misconduct (*see, Matter of de la Rosa*, 290 AD2d 134; *Matter of Marrin*, 207 AD2d 239; *Matter of Erda*, 209 AD2d 147; *Matter of Kraft*, 148 AD2d 149). We are also influenced by respondent's sincere remorse and acknowledgment of wrongdoing, his cooperation with the DDC staff, and his otherwise unblemished record.

Accordingly, the petition of the DDC for an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law of the referee and the Hearing Panel should be granted, and respondent publicly censured.

WILLIAMS, P.J., NARDELLI, TOM, LERNER and FRIEDMAN, JJ., concur.

Petition granted and respondent publicly censured.