[767 NYS2d 19]

In the Matter of MARSHALL C. BERGER (Admitted as MARSHALL CHARLES BERGER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 2003

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*La Trisha A. Wilson* of counsel), for petitioner.

*Margolin & Pierce, LLP (Philip Pierce* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Marshall C. Berger was admitted to the practice of law in the State of New York by the First Judicial Department on December 3, 1956 and, at all times relevant herein, has maintained an office for the practice of law within the First Judicial Department.

Respondent, on or about June 27, 2002, was served with a notice and statement of charges by the Departmental Disciplinary Committee (the Committee) charging respondent with: two counts of violating New York Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3), in that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; two counts of violating DR 1-102 (a) (5), in that he engaged in conduct prejudicial to the administration of justice; one count of violating DR 1-102 (a) (7), in that he engaged in conduct which adversely reflects on his fitness as an attorney; and one count of violating DR 7-106 (c) (7) (22 NYCRR 1200.37), which prohibits an attorney from intentionally or habitually violating any established rule of procedure or evidence. With regard to the last count, respondent is alleged to have engaged in the spoliation of evidence and perjury in a pretrial proceeding before the United States District Court, Southern District of New York, in the matter of *Vincella Miller v Time-Warner Communications, Inc., et al.* (*Miller v Time*). Respondent is also alleged to have intentionally made misrepresentations to the Committee regarding the status of his file in the federal action.

Respondent, by answer dated July 25, 2002, admitted most of the factual allegations, but denied knowingly making any misrepresentations to the court, or the Committee, concerning his files.

The Committee, prior to the hearing before the Referee, moved for a finding, pursuant to the doctrine of collateral estoppel, that respondent was guilty of professional misconduct under DR 1-102 (a) (4) and (7). The motion was based upon certain findings made by Judge Martin in *Miller v Time*, an employment discrimination action, in which respondent represented the plaintiff. During pretrial proceedings in that action, issues arose concerning certain erasures on documents produced by the plaintiff through respondent, although despite the erasures, much of what had been written was still legible.

Defendant Time-Warner moved for summary judgment dismissing the complaint based upon spoliation of evidence and, as a result, Judge Martin held an evidentiary hearing. During the course of the hearing, both respondent and his client testified that each was responsible for the erasures. Judge Martin concluded that plaintiff had deliberately erased handwritten notes she had made during the course of her employment in order to prevent discovery of the information by Time-Warner, and that plaintiff had deliberately perjured herself as to when and why the erasures occurred. Judge Martin, as a sanction for Miller's perjury and spoliation of evidence, dismissed the complaint.

The Referee, by memorandum decision dated September 10, 2002, denied the Committee's collateral estoppel motion and found that the Committee's allegations in counts one and five went beyond Judge Martin's findings of false testimony because they charged respondent, in the alternative, with intentionally erasing notes prior to producing the documents, or falsely testifying that he had done so. The Referee also ruled that the Committee lacked evidence of venal intent on the part of respondent, being an essential element of the intentional misrepresentation charge and, as a result, concluded that respondent be permitted to contest the two counts which charged him with dishonest behavior.

The Committee and respondent thereafter stipulated that, contrary to the findings made by Judge Martin, respondent had, in fact, made the erasures on the documents in *Miller v Time*, and that he also failed to comply with rule 26.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, which requires an attorney withholding responsive material on the grounds of privilege to specify so in writing. Accordingly, the Committee's case proceeded solely on the theory that respondent had, in fact, made the erasures.

The Committee, during the course of its investigation, requested, by letter dated January 29, 2001, that respondent produce his original litigation file in *Miller v Time*. Respondent, by letter dated February 26, 2001, suggested that the Committee obtain the file from Time-Warner's counsel because his files were in poor condition due to an office move.

The Committee, in early September 2001 and again in October 2001, requested that respondent produce his file by October 10, 2001. Respondent failed to do so, but in a deposi-

tion held on October 17, 2001, respondent acknowledged that his file "was gone" and could not be located, that the file had been mislaid during an office move in September 2000, and that he knew it was missing at that time. The Committee, during the deposition, renewed its request for certain documents from the *Miller v Time* matter, and also requested respondent to provide any documentation regarding his attempt to locate and/or reconstruct his files. Respondent appeared again on December 6, 2001, but he did not have the requested items and admitted that he had not looked through his files to ascertain whether he had any documents from *Miller v Time*.

The Referee, following a liability hearing held on September 24, 2002, issued a letter-report granting respondent's motion to dismiss count one, which alleged that he had violated DR 1-102 (a) (4) by intentionally erasing handwritten notes prior to releasing them to opposing counsel. The Referee opined that respondent's conduct was "thoroughly unprofessional and detrimental to his client," but concluded that it had not involved intentional dishonesty or venality.

The Referee also dismissed count two, which likewise alleged a violation of DR 1-102 (a) (4), in that respondent failed to act in a candid and cooperative manner regarding the Committee's inquiries concerning his file in *Miller v Time*, as there was no evidence establishing a dishonest motive.

The Referee, in a subsequent report dated December 20, 2002, sustained counts three through six and, as a sanction, recommended that respondent be publicly censured and required to attend 12 hours of continuing legal education (CLE) courses on the Federal Rules of Civil Procedure, including at least six hours of instruction on discovery procedures under those rules.

The Referee opined that:

> "As remarkable, an [sic] unexplainable, as it is for a veteran of more than 43 years of litigation practice in the state and federal courts to have acted and failed to act as described above, I find that none of this misconduct was motivated by venal intent on respondent's part. The Committee's evidence fails to persuade me that Respondent engaged in intentional or purposeful dishonesty in making the erasures or in testifying about them. I also find that he did not . . . act with intentional dishonesty or venal intent during the Committee's investigation even though he failed to exhibit the candor, coopera-

tion and diligence a member of the Bar owes to the disciplinary process.''

In mitigation, respondent averred that he: has been practicing law for 46 of his 73 years, including four years of service as a Civil Court Judge, with an unblemished disciplinary record; served as a lieutenant in the United States Air Force and 12 years on committees of the Association of the Bar of the City of New York; co-authored an American Bar Association model jury charge for trade secret cases; and successfully represented the League of Women Voters, pro bono, in seeking the reapportionment of the Westchester County Council. Respondent also produced character witnesses who testified that he consistently exercised professional judgment and conformed to high standards of practice.

A Hearing Panel heard oral argument on February 3, 2003, at which time the Committee argued that the Referee's report should be modified to sustain counts one and two, and that a six-month suspension be imposed in light of respondent's conduct and his failure to cooperate with the Committee. Respondent, arguing that his conduct was an aberration in an otherwise laudable career, urged a private reprimand.

In a report dated March 10, 2003, the Hearing Panel confirmed the Referee's report and recommendation in its entirety. The Hearing Panel observed, inter alia, that respondent's conduct constituted a serious lapse in judgment, although they agreed with the Referee that the evidence did not support the conclusion that he acted with a dishonest or deceitful purpose; and that respondent's lack of candor with the Committee and persistent lack of cooperation with their requests amounted to conduct prejudicial to the administration of justice, although he appeared to be acting under the ''misguided hope that the problem would go away.'' In rejecting both respondent's and the Committee's recommendations for sanction, the Hearing Panel opined that although ''several factors weigh against the issuance of a private reprimand'' there are, on the other hand, ''significant'' mitigating factors which weigh against imposing a six-month suspension as too severe. The Hearing Panel, therefore, recommended public censure.

The Committee, by petition dated May 20, 2003, now seeks an order confirming the findings of fact, conclusion of law and recommendations of public censure set forth in the report of the Hearing Panel.

Initially, we find that in view of the stipulated facts and the evidence presented, the Hearing Panel's findings of fact and

conclusions of law, in which counts three through six were sustained, should be confirmed. Moreover, while respondent's irresponsible and unprofessional conduct was aggravated by his failure to cooperate with the Committee, there was no finding, by either the Referee or the Hearing Panel, of venal intent which, coupled with significant factors in mitigation, including the aberrational nature of the incident, the lack of any disciplinary history and respondent's prior good reputation, leads us to conclude that the recommended sanction of public censure is appropriate.

Accordingly, the Committee's petition should be granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel and the recommended sanction of public censure.

NARDELLI, J.P., ROSENBERGER, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent publicly censured.