[934 NYS2d 206]

In the Matter of EDWARD JEFFREY GROSSMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 29, 2011

APPEARANCES OF COUNSEL

*Robert A. Green,* Hauppauge (*Nancy Gabriel* of counsel), for petitioner.

*Richard Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing 13 charges of professional misconduct. After a hearing, the Special Referee sustained all 13 charges. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) moves to confirm the report of the Special Referee. The respondent opposes the motion and cross-moves to disaffirm the report of the Special Referee.

Charges one through five are predicated upon a common set of facts relating to the matter of *Weber v Textron* (hereinafter the *Textron* matter), which was litigated in the Superior Court in New Jersey.

In or about 2006, the respondent, an attorney admitted to practice in New York and New Jersey, became acquainted with an individual named Benjamin Herbst. Herbst was not an attorney and the respondent took no steps to ascertain whether or not he was one.

In or about 2006, Herbst referred the respondent to act as attorney of record for a defendant, Oil State, in the *Textron* matter. Inasmuch as the respondent did not maintain an office for the practice of law in New Jersey, which he believed was required to practice in that State, Herbst provided him with a New Jersey address to use as a law office, as well as a toll-free telephone number. However, the respondent never visited the New Jersey address.

In or about 2006, the respondent provided Herbst with his letterhead, reflecting his status as an attorney in New York as well as his New York address. Herbst thereafter provided the respondent with copies of the new letterhead, reflecting the addition of the New Jersey address by Herbst to the respondent's original letterhead.

On or about November 20, 2006, Herbst submitted a notice of appearance and demand to the Superior Court of New Jersey, as well as to the other parties in the *Textron* matter, bearing the name and the purported signature of the respondent. The respondent had neither drafted nor signed the documents, nor was he aware of the notice of appearance and demand before they were submitted by Herbst. After the respondent became aware that Herbst had submitted these legal documents to the court and the other parties, he advised Herbst to cease serving legal documents in his name. However, the respondent did not advise the court, or the other parties, that Herbst had drafted and sent the documents in his name without his knowledge or approval.

In or about November 2006, the respondent became aware that letters pertaining to the *Textron* matter, written on his letterhead with the New Jersey address, and bearing his purported signature, were drafted and sent by Herbst without his knowledge or approval.

In or about November 2006, the respondent obtained a copy of a letter dated November 22, 2006, written on his letterhead with the New Jersey address, and sent under his name, which had been drafted and sent by Herbst to the court and opposing counsel relating to the *Textron* matter. The respondent had neither drafted nor signed, nor was he aware of, the November 22, 2006 letter before it was sent. The respondent advised Herbst to stop drafting and signing his name to correspondence. However, the respondent did not advise the recipients of the November 22, 2006 letter that he was unaware of it and that he had not authorized it.

In or about November 2006, the respondent obtained a copy of a letter dated November 27, 2006, written on his letterhead with the New Jersey address, and bearing his purported signature, which had been drafted and sent by Herbst to opposing counsel relative to the *Textron* matter. The respondent had neither drafted nor signed, nor was he aware of, the November 27, 2006 letter before it was sent. However, the respondent did not advise the recipient of the November 27, 2006 letter, or the

court in New Jersey, that he was unaware of, and had not authorized, the letter Herbst had sent under his name.

In or about December 2006, the respondent obtained a copy of a letter dated December 11, 2006, written on his letterhead with the New Jersey address, and bearing his purported signature, which had been drafted and sent by Herbst to the court and opposing counsel relating to the *Textron* matter. The respondent had neither drafted nor signed, nor was he aware of, the December 11, 2006 letter. However, the respondent did not advise the recipients of the December 11, 2006 letter, or the court in New Jersey, that he was unaware of, and had not authorized, the letter Herbst had sent under his name.

The respondent failed to appropriately report to the authorities Herbst's unauthorized practice of law under the respondent's name in the *Textron* matter.

Charge one alleges that the respondent has been guilty of aiding a nonlawyer in the unauthorized practice of law in the *Textron* matter, which was litigated in the Superior Court of New Jersey, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]).

Charge two alleges that the respondent has been guilty of aiding a nonlawyer in the unauthorized practice of law in the *Textron* matter, which was litigated in the Superior Court of New Jersey, in violation of Code of Professional Responsibility DR 3-101 (b) (22 NYCRR 1200.16 [b]).

Charge three alleges that the respondent has been guilty of dishonesty, fraud, deceit, or misrepresentation, by aiding a nonlawyer in the unauthorized practice of law in the *Textron* matter, which was litigated in the Superior Court of New Jersey, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge four alleges that the respondent has been guilty of conduct prejudicial to the administration of justice, by aiding a nonlawyer in the unauthorized practice of law in the *Textron* matter, which was litigated in the Superior Court of New Jersey, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge five alleges that the respondent has been guilty of engaging in conduct adversely reflecting on his fitness to practice law, by aiding a nonlawyer in the unauthorized practice of law in the *Textron* matter, which was litigated before the Superior Court of New Jersey, in violation of Code of Profes-

sional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges six through nine are predicated upon a common set of facts relating to the matter of *HSBC Bank v Chaimowitz* (hereinafter the *Chaimowitz* matter), which was pending in the Supreme Court, Kings County.

In or around 2006, Herbst referred the respondent to act as attorney of record for Barry Chaimowitz, a defendant in the *Chaimowitz* matter, which was pending in the Supreme Court, Kings County. The respondent received the sum of $1,000 from Herbst for his representation. The respondent never met or spoke with Chaimowitz, and did not have a retainer agreement with him.

In or about December 2006, the respondent received a telephone call from an attorney for HSBC Bank regarding the *Chaimowitz* matter. The respondent became aware during that telephone call that the attorneys for HSBC Bank had received a letter dated December 6, 2006, written on the respondent's letterhead, under the respondent's name, regarding the *Chaimowitz* matter. The respondent knew at the time of the telephone call that he had not sent out any letters to HSBC Bank on the *Chaimowitz* matter. However, the respondent did not advise the attorney from HSBC Bank of this fact.

Within days after the telephone call from the attorney for HSBC Bank, the respondent had Herbst fax the December 6, 2006 letter to him. The respondent had neither drafted nor signed, nor been aware of, the December 6, 2006 letter before it was sent. However, the respondent did not advise the recipient of the letter, or the court, that he was unaware of, and had not authorized, the letter Herbst had sent under his name.

In or about December 2006, the respondent obtained a copy of a letter dated December 15, 2006, written on his letterhead, and sent out under his name, which had been drafted and sent by Herbst to the attorney for HSBC Bank, relating to the *Chaimowitz* matter. The respondent had neither drafted nor signed, nor been aware of, the December 15, 2006 letter before it was sent. However, the respondent did not advise the recipient of the letter, or the court, that he was unaware of, and had not authorized, the letter Herbst had sent out under his name.

In or about December 2006, the respondent obtained a copy of a letter dated December 22, 2006, written on his letterhead, and bearing his purported signature, which had been drafted

and sent by Herbst to the opposing counsel and other parties, relating to the *Chaimowitz* matter. The respondent neither drafted nor signed, nor was he aware of, the December 22, 2006 letter before it was sent. However, the respondent did not advise the recipients of the December 22, 2006 letter, or the court, that he was unaware of, and had not unauthorized, the letter Herbst had sent under his name.

In or about December 2006, the respondent obtained a copy of a letter dated December 27, 2006, written on his letterhead and bearing his purported signature, which had been drafted and sent by Herbst to the attorney for HSBC Bank and other parties, relating to the *Chaimowitz* matter. The respondent had neither drafted nor signed, nor was he aware of, the December 27, 2006 letter before it was sent. However, the respondent did not advise the recipients of the letter, or the court, that he was unaware of, and had not authorized, the letter Herbst had sent under his name.

The respondent failed to appropriately report to the authorities Herbst's unauthorized practice of law under the respondent's name in the *Chaimowitz* matter pending in the Supreme Court, Kings County.

Charge six alleges that the respondent has been guilty of aiding a nonlawyer in the unauthorized practice of law in the *Chaimowitz* matter, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]).

Charge seven alleges that the respondent has been guilty of dishonesty, fraud, deceit, or misrepresentation, by aiding a nonlawyer in the unauthorized practice of law, in the *Chaimowitz* matter, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge eight alleges that the respondent has been guilty of conduct prejudicial to the administration of justice, by aiding a nonlawyer in the unauthorized practice of law in the *Chaimowitz* matter, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge nine alleges that the respondent has been guilty of conduct adversely reflecting on his fitness to practice law, by aiding a nonlawyer in the unauthorized practice of law in the *Chaimowitz* matter, which was pending in the Supreme Court,

Kings County, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges ten through thirteen are predicated upon a common set of facts relative to the *Application of Jean Chaimowitz*, which was pending in the Supreme Court, Kings County.

On or about December 27, 2006, the respondent was served in his individual capacity with an order to show cause and a so-ordered subpoena, in connection with the *Application of Jean Chaimowitz*. The order to show cause and subpoena were returnable on January 8, 2007 in the Supreme Court, Kings County (Belen, J.). Herbst was also listed as having been served with the order to show cause and so-ordered subpoena.

The respondent gave his order to show cause and subpoena to Herbst, and allowed him to handle the matter for him. Herbst submitted objections to the subpoena to the court, bearing the respondent's purported signature, which document was drafted and signed by Herbst. The respondent had not given Herbst permission to sign his name to the objections. The respondent did not appear before the court on January 8, 2007, the return date of the order to show cause.

Charge ten alleges that the respondent has been guilty of aiding a nonlawyer in the unauthorized practice of law in the *Application of Jean Chaimowitz*, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]).

Charge eleven alleges that the respondent has been guilty of dishonesty, fraud, deceit, or misrepresentation, by aiding a nonlawyer in the unauthorized practice of law in the *Application of Jean Chaimowitz*, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge twelve alleges that the respondent has been guilty of conduct prejudicial to the administration of justice by aiding a nonlawyer in the unauthorized practice of law in the *Application of Jean Chaimowitz*, which was pending in the Supreme Court, Kings County, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charge thirteen alleges that the respondent has been guilty of conduct which adversely reflects on his fitness to practice law by aiding a nonlawyer in the unauthorized practice of law in the *Application of Jean Chaimowitz*, which was pending in the Supreme Court, Kings County, in violation of Code of Profes-

sional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In view of the evidence adduced, the Special Referee properly sustained charges one through thirteen. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied.

In determining an appropriate measure of discipline to impose, we note the letters and testimony of the respondent's good character. However, we also note the Special Referee's conclusion that same were insufficient to overcome the "quantity and quality of evidence of [the] respondent's misconduct." Although the respondent was described as "gullible," the Special Referee found that "[the] respondent refused to see that his conduct was improper."

Under the totality of circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, Edward Jeffrey Grossman, is censured for his professional misconduct.