OPINION OF THE COURT
Per Curiam.
Respondent Theresa A. Markham was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 1997. In 1999, respondent was also admitted to the practice of law in New Jersey where she maintains an office for the practice of law.
The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, publicly censuring respondent, on the predicate of similar discipline imposed in a foreign jurisdiction, namely, orders issued by the Supreme Court of New Jersey, entered July 14, 2010 and July 20, 2010 (202 NJ 568, 998 A2d 471 [2010]). The orders of the Supreme Court of New Jersey censured respondent for various acts of misconduct committed in connection with a matrimonial action. The Supreme Court of New Jersey publicly censured respondent and ordered her to enroll in and complete five hours of professional responsibility courses.
In November 2009, a disciplinary complaint was filed with the District Ethics Committee (DEC) alleging that after a settlement was reached in a divorce action, respondent’s secretary demanded that the client pay her legal bills in full before the next scheduled hearing date or respondent would not appear. The client explained that she was unable to pay. Minutes before the hearing was set to commence, respondent personally requested that the client sign a consent lien for $7,000 charging 18% interest, which would attach to her assets. When the client refused to sign, respondent raised her voice, insisted that she sign the lien or give a $5,000 check, and threatened that the divorce would not go forward. After some delay, respondent grabbed the unsigned lien papers and proceeded to represent the client in the divorce hearing.
Based upon these allegations, respondent was charged with violating various provisions of New Jersey Rules of Professional Conduct (RPC) by failing to properly supervise a nonlawyer employee, failing to regularly itemize bills to her client, and attempting to have her client execute a security agreement giving respondent a lien against all her personal assets to secure her legal fees. In March 2010, respondent appeared pro se and entered a stipulation with the DEC admitting to all the mate *110 rial facts and disciplinary violations contained in the complaint and executed an affidavit of consent agreeing to the imposition of a sanction no greater than censure. Thereafter, the DEC moved before the Disciplinary Review Board (DRB) for imposition of discipline by consent in accordance with the stipulation.
The DRB confirmed the DEC’s recommendation of censure finding that respondent failed to properly supervise a nonlawyer employee through the behavior of her secretary in violation of RPC rule 5.3; and respondent attempted to violate a disciplinary rule by requiring her client to execute a security agreement in violation of RPC rule 8.4 (a). Additionally, the DRB found that respondent displayed conduct involving dishonesty, fraud, deceit or misrepresentation in failing to produce the original lien document as requested and presented, instead, a consent lien which had different terms from the original document, in direct violation of RPC rule 8.4 (c). The Supreme Court of New Jersey adopted the DRB’s liability findings and directed that the respondent be censured.
In short, the defenses to reciprocal discipline are as follows: lack of notice or opportunity to be heard; an infirmity of proof establishing the misconduct; and the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York State (see 22 NYCRR 603.3 [c]). Respondent has not appeared nor asserted any of the defenses, and none are applicable here. Thus, we find it appropriate to impose discipline because of the conduct respondent engaged in that gave rise to the imposition of discipline in New Jersey (22 NYCRR 603.3 [a]).
The New Jersey Supreme Court’s findings that respondent violated New Jersey RPC rules 5.3 and 8.4 (c) are fully supported by her admissions in the stipulation where she consented to the imposition of discipline. Given respondent’s deceit in failing to produce the original lien document, and the failure to properly supervise an employee, these violations also constitute misconduct under the Code of Professional Responsibility in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) (conduct involving dishonesty, fraud, deceit or misrepresentation), and DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]) (failure to properly supervise a nonlawyer) (see Matter of Berger, 1 AD3d 83 [1st Dept 2003] [censure for misconduct that involved alterations to documents produced during discovery and failure to cooperate with DDC investigation by not producing documents]; Matter of Meltzer, 293 AD2d 202 [1st Dept 2002] [censure for failing to *111 supervise a nonlawyer resulting in neglect of immigration matters]).
Accordingly, respondent should be publicly censured in accordance with the discipline ordered by the Supreme Court of New Jersey.
Friedman, J.E, Acosta, Feinman, Gische and Clark, JJ., concur.
Respondent publicly censured.