[987 NYS2d 865]

In the Matter of MIGUEL A. TERC, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND
THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 2, 2014

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on June 7, 2004.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated June 14, 2011, containing two charges of professional misconduct. After a preliminary conference on July 31, 2012, and a hearing conducted on January 23, 2013, the Special Referee issued a report sustaining the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted a reply, wherein he, in effect, cross-moves to disaffirm the findings of the Special Referee and to dismiss the charges. In the event the Court sustains the charges, the respondent requests that the discipline imposed be a public censure.

Charge one alleges that the respondent aided a nonlawyer in the unauthorized practice of law, in violation of former Code of Professional Responsibility DR 3-101 (a) and DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.16 [a]; 1200.3 [a] [4], [5], [7]). On or about June 21, 2006, Hernan Raul Vasquez Alzamora (hereinafter Mr. Vasquez), a Peruvian attorney, was licensed as a legal consultant by this Court, pursuant to 22 NYCRR part 692 and 22 NYCRR 521.3. In or about the spring of 2007, the respondent and Mr. Vasquez, who had returned to Peru, formed "Hernan Vasquez A. and Associates" (hereinafter the Vasquez

firm) for the purpose of engaging in the practice of law in New York. Clients of the Vasquez firm were represented by the respondent or a per diem attorney retained by the respondent. When court appearances were required, the respondent or the per diem attorney would file a notice of appearance in the name of the Vasquez firm.

The respondent created a retainer agreement for the Vasquez firm, and all legal fees were paid to the Vasquez firm. The respondent knew that Mr. Vasquez received $300 from those legal fees on a monthly basis. The respondent helped create a website describing the Vasquez firm as a "law firm" engaged in the practice of law in New York, specifically in the areas of immigration, divorce, domestic relations, criminal law, and real estate. The website provided legal advice on various legal topics. The respondent also created business cards that represented that the Vasquez firm engaged in the practice of law in New York, specifically, in the areas of bankruptcy, criminal law, family law, and divorce law.

The respondent knew that Mr. Vasquez was not an attorney admitted to the practice of law in New York. He knew, or should have known, that, pursuant to 22 NYCRR 521.3 (f), Mr. Vasquez, as a legal consultant, was prohibited from holding himself out as an attorney.

Charge two alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of former Code of Professional Responsibility DR 9-102 (b) (1) and DR 1-102 (a) (5) and (7) (22 NYCRR 1200.46 [b] [1]; 1200.3 [a] [5], [7]). In or about 2008, the respondent appeared for the Vasquez firm and represented a party in a matrimonial action in the Supreme Court, Queens County. During the course of that proceeding, the justice directed the respondent to hold certain funds in escrow. The respondent caused those funds to be deposited into an escrow account entitled, "Hernan Vasquez A. & Associates," to which the respondent was not a signatory and with respect to which the respondent had no control.

Based on the evidence adduced and the respondent's admissions, the Special Referee properly sustained the charges. We find no merit to the respondent's contention that Mr. Vasquez did not hold himself out as an attorney or did not practice law because Mr. Vasquez was in Peru during the relevant time period. The evidence demonstrated that Mr. Vasquez never disclosed his status as a foreign legal consultant on the firm's website, retainer agreement, or business card/flyer. Hence, the

respondent engaged in conduct that was deceptive and mislead-ing to the public and clients. We note that Mr. Vasquez resigned as a legal consultant, and in submitting his resignation to this Court, Mr. Vasquez acknowledged that he exceeded his scope of practice as a legal consultant (*see Matter of Alzamora*, 81 AD3d 22 [2011]). Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider, in mitiga-tion, the following factors: the lack of intent on his part to deceive, the lack of a prior disciplinary history, his due diligence inasmuch as he did research the rules governing legal consult-ants in an effort to comply with the rules, and his cooperation with the Grievance Committee's investigation. Additionally, he asks that the Court consider his contributions to the military as a member of the National Guard, the commendation he received upon being honorably discharged, his hard work, the award he received as a distinguished student from the American Bar As-sociation, and his current provision of legal services to low-income Spanish speaking clients.

Under the circumstances of this case, including the aforemen-tioned mitigating circumstances, we find that a public censure is warranted.

ENG, P.J., MASTRO, RIVERA, SKELOS and DICKERSON, JJ., concur.

Ordered that the motion of the petitioner to confirm the report of the Special Referee is granted, and the, in effect, cross motion of the petitioner is denied; and it is further,

Ordered that the respondent, Miguel A. Terc, is publicly censured for his misconduct.