[994 NYS2d 598]

In the Matter of STUART I. DAVIS (Admitted as STUART IRWIN DAVIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Stuart I. Davis*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Stuart I. Davis was admitted to the practice of law in the State of New York by the First Judicial Department on May 3, 1982, under the name Stuart Irwin Davis. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department. He is currently delinquent in his attorney registration.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3 publicly censuring respondent predicated upon similar discipline imposed by the United States District Court for the Southern District of New York. In the alternative, the Committee seeks an order sanctioning respondent as we deem appropriate. Respondent pro se does not object to the imposition of reciprocal discipline.

By order entered November 30, 2012, the Southern District publicly censured respondent for permitting a nonattorney to use his username and/or password to electronically file involuntary bankruptcy petitions in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.5 (b) (aiding a nonlawyer in the unauthorized practice of law) and rule 8.4 (d) (conduct prejudicial to the administration of justice).

By order and decision dated February 24, 2012, the United States Bankruptcy Court for the Southern District of New York found respondent in contempt and sanctioned him $1,000 for, among other things, failing to appear at three hearings as directed by the court's orders to show cause. The court issued a second order dated February 24, 2012, directing respondent to appear on April 3, 2012 and show cause why he should not be reported to the Southern District's Committee on Grievances and the Disciplinary Committee; his privileges to use the court's electronic case filing (ECF) system should not be suspended; and further sanctions should not be assessed against him. In addition, respondent was directed to specifically address certain issues at the hearing to wit: his failure to appear at three prior hearings in compliance with the court's orders to show cause; his purpose in repeatedly filing involuntary bankruptcy petitions involving the same debtor without the intention of prosecuting same; the apparent conflict represented by his repre-

sentation of the debtor in a landlord-tenant dispute and the petitioning creditor against the debtor before the bankruptcy court; and his misuse of the ECF system by permitting a pro se creditor to use his ECF password to file a petition for which respondent would not be listed as the attorney of record and/or for filing a petition for a creditor without following through on his fiduciary duties as a lawyer for that creditor.

At issue were four involuntary bankruptcy petitions filed between June and December 2011 against debtor Joseph Lipschitz; three of the petitions were filed by purported pro se creditor Manuel Goldsmith and the fourth was filed by Mendel Minko, also a pro se creditor.[1] Two of the petitions were filed with the Southern District and the other two were filed with the United States Bankruptcy Court for the Eastern District of New York. The first petition was withdrawn by the petitioner creditor and the subsequent three were dismissed for failure to prosecute.[2]

In his response to the order to show cause, respondent explained that the filings at issue were made on behalf of the creditors, Goldsmith and Minko, by Benjamin Herbst, a nonattorney and executive director of the Council for Community Preservation, Inc. (CCPI), a community organization which had an affiliation with a paralegal training program. In providing legal services to the community, respondent had previously used Herbst and paralegal students in preparing legal documents. Respondent had permitted Herbst to use his ECF username and password when filing bankruptcy cases in which respondent was retained as counsel. However, in the case of the Lipschitz filings, for which respondent was not retained as the attorney, Herbst used respondent's ECF password without informing him that he was doing so, and without his permission.

Respondent subsequently discovered that Herbst and his paralegal students had used his ECF password on other occasions without his knowledge or consent. Respondent emphasized that: he terminated his relationship with Herbst and CCPI; he no longer accepts referrals from them; and he was extricating himself from representing clients referred to him through CCPI.

On April 3, 2012, the bankruptcy court held the sanction hearing at which respondent and Herbst appeared. Herbst, who

---

1. Pro se litigants may not use electronic filing for bankruptcy petitions.

2. The first and second petitions listed respondent as counsel for the creditor even though he did not file the petitions and did not represent either creditor.

corroborated respondent's version of events, explained that he had been under the misapprehension that it was permissible for CCPI to file pro se bankruptcy petitions through respondent's ECF account. It appears that Herbst may have filed the involuntary petitions to assist Lipschitz, the debtor. As a result of the bankruptcy filings, an eviction proceeding commenced against Lipschitz by his landlord was automatically stayed. Notably, the landlord testified before the bankruptcy court that Herbst had appeared before the housing court and claimed to be respondent.

During the hearing, respondent acknowledged that he failed to properly monitor the use of his ECF password, but emphasized that he did not directly participate in filing the petitions at issue. Respondent further acknowledged that he had previously represented the debtor, Lipschitz, in a landlord-tenant proceeding, and that the proceedings before the bankruptcy court presented a conflict of interest. Respondent emphasized, however, that he had become unknowingly involved in the conflict. As to his failure to appear at the prior hearings, respondent explained, inter alia, that he "may have" received the court's prior orders to show cause, but he was not sure because for a period of time, the court had been using an incorrect address to contact him. Nonetheless, respondent acknowledged that he may have had one or two conversations with the judge's law clerks in regard to the orders. In addition, respondent emphasized that he had acted under the incorrect belief that, as he was not the attorney for the petitioning creditor, he was not obligated to appear.

In mitigation, respondent emphasized that he is the primary caretaker for his wife who has cancer and is receiving chemotherapy two to three times a month. Respondent explained that his wife's health situation caused him tremendous stress and, as a result, he was not as diligent as he should have been.

At the conclusion of the hearing, the court announced its intention to impose sanctions. By order dated April 4, 2012, the court directed that: (1) respondent was to reimburse the debtor's landlord $3,568 in attorney's fees, plus $188.70 in travel costs; (2) he was to pay the $1,000 sanction imposed by the February 24, 2012 order; (3) his ECF password was to be suspended for 30 days or until the monetary sanctions were paid, whichever was later; (3) he was to complete an ECF training session; and (4) he was prohibited from using the ECF system, even after the expiration of the 30-day suspension pe-

riod, on behalf of Goldsmith. The order also put respondent on notice that the court had reported him to the Southern District's Committee on Grievances and the Disciplinary Committee.

By order filed August 21, 2012, the Southern District's Committee on Grievances (Grievance Committee) ordered respondent to show cause, by affidavit or other written submission, why he should not be disciplined based on his permitting others to use his ECF username and/or password, which conduct appeared to violate Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.5 (b) (aiding the unauthorized practice of law); rule 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation); (d) (conduct prejudicial to the administration of justice); and (h) (conduct adversely reflecting on fitness as a lawyer).

In response to the Grievance Committee's order to show cause, respondent submitted an answer that his former counsel had submitted to the Departmental Disciplinary Committee, dated August 22, 2012, which had opened a sua sponte investigation into his conduct in the Lipschitz matter. Counsel argued that respondent was not guilty of misconduct because, inter alia: (1) he was unaware of Herbst's use of his ECF password in connection with the Lipschitz filings; (2) he did not intentionally fail to appear at the hearings on the orders to show cause because, inter alia, he genuinely believed he had no obligation to appear since the petitioning creditor was pro se; and (3) he did not receive written notice of the hearings until after the court had determined that he was in contempt and sanctioned him. Counsel further argued that, pursuant to Southern District of New York Local Bankruptcy Rules, rule 9011-1, Herbst was authorized to use respondent's ECF password when acting as a paralegal in matters in which respondent represented a party.

In mitigation, counsel cited to respondent's role as the sole caregiver for his wife, and the fact that he is taking antidepressants in order to deal with his wife's illness and post-traumatic stress disorder stemming from an armed robbery in his office in 2006. By order entered November 30, 2012, the Grievance Committee publicly censured respondent.

Respondent does not assert any of the defenses to reciprocal discipline enumerated at 22 NYCRR 603.3 (c), that is, lack of notice and opportunity to be heard, infirmity of proof, or the absence of any comparable New York provision warranting discipline for the misconduct identified by the foreign jurisdiction. Respondent was advised of the allegations at issue in the Griev-

ance Committee's order to show cause and was afforded the opportunity to submit a response thereto.[3] The Southern District allows for the imposition of discipline without a hearing if an attorney's submissions fail to show good cause for a hearing (Local Civil Rules of United States District Courts for Southern and Eastern Districts of New York rule 1.5 [d] [1]). In this instance, the admissions made by respondent in his submissions and in his testimony before the bankruptcy court obviated the need for a hearing and amply supported the Southern District's findings of misconduct (*see Matter of Kulcsar*, 98 AD3d 161, 165 [1st Dept 2012]). Moreover, respondent lacks a defense under 603.3 (c) (3) since the Southern District made specific findings that his conduct violated two rules of the New York Rules of Professional Conduct, namely, rules 5.5 (b) and 8.4 (d).

As to the issue of an appropriate sanction, it is generally accepted that the jurisdiction where respondent practiced law at the time and where the offense was committed has the greatest interest in the issue (*see Matter of Block*, 116 AD3d 163 [1st Dept 2014]; *Matter of Sondel*, 111 AD3d 168 [1st Dept 2013]). A public censure is in keeping with precedent involving similar type misconduct as committed by respondent (*see e.g. Matter of Terc*, 120 AD3d 4 [2d Dept 2014] [attorney censured for aiding nonlawyer in the unauthorized practice of law]; *Matter of Grossman*, 91 AD3d 156 [2d Dept 2011] [attorney censured for aiding the same Benjamin Herbst previously discussed in the unauthorized practice of law, some of which was done without the attorney's knowledge]; *Matter of Meltzer*, 293 AD2d 202 [1st Dept 2002] [attorney censured for aiding a nonlawyer in the unauthorized practice of immigration law]; *Matter of Bonanno*, 208 AD2d 1117 [3d Dept 1994] [attorney reciprocally censured for aiding the unauthorized practice of law where his legal assistant, without his knowledge or authorization represented clients]).

As the Committee notes, a more severe sanction is not warranted herein where Herbst acted without respondent's knowledge and consent, respondent terminated his relationship with Herbst upon learning of Herbst's actions, and in light of the evidence in mitigation.

---

**3.** In his response, respondent explains that he is in the process of retiring from the practice of law and that he has approximately eight ongoing chapter 13 cases in the Southern District. Respondent currently resides in Arizona, but he will continue to maintain an office in New York until he closes his practice.

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured.

MOSKOWITZ, J.P., DEGRASSE, FREEDMAN, CLARK and KAPNICK, JJ., concur.

Respondent publicly censured.