Matter of Wilt (2019 NY Slip Op 06732)





Matter of Wilt


2019 NY Slip Op 06732


Decided on September 24, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische, Justice Presiding,
Marcy L. Kahn
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


&em;

[*1]In the Matter of Devon M. Wilt, (admitted as Devon Marie Radlin), an attorney and counselor-at-law: SEALED Attorney Grievance Committee for the First Judicial Department, Petitioner, Devon M. Wilt, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Devon M. Wilt, now registered as Devon Marie Radlin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 21, 2011.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, of counsel), for petitioner.
Deborah A. Scalise, Esq., for respondent.
Motion Nos. 1281, 2937 - July 1, 2019
In the Matter of Devon M. Wilt, An Attorney



PER CURIAM


Respondent Devon M. Wilt was admitted to the practice of law in the State of New York by the Third Judicial Department on June 21, 2011, under the name Devon Marie Wilt. At all times relevant to this proceeding, she maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) for aiding a nonlawyer in the unauthorized practice of law in violation of rule 5.5, in that she affiliated herself with a nonlawyer who accepted fees to represent a criminal defendant, and the nonlawyer provided legal opinions and advice. By the same conduct, respondent was also alleged to have engaged in conduct that adversely reflected upon her fitness as a lawyer, a violation of rule 8.4(h).
The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent and request the imposition of public censure.
For the reasons set forth below, we now grant the parties' joint motion for discipline by consent and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
Pursuant to 22 NYCRR 1240.8(a)(5)(i) and (iii), a motion for the imposition of discipline by consent must be supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline, as well as an affidavit by respondent acknowledging admission to the stipulated facts, consent to the agreed upon discipline, which has been freely and voluntarily given, and full awareness of the consequences of such consent.
The parties' submission conforms to the above procedural requirements. The parties stipulate to the following facts:
Between 2007 and 2010, while respondent attended law school, she worked in the Manhattan law office of an attorney as a paid intern. After respondent was admitted to the New York State Bar in 2011, she continued her employment as an associate. Simultaneously, respondent started her own civil law practice at the same location.
In or about 2014, this Court suspended the attorney from the practice of law. Despite the suspension, the attorney continued to come regularly to the law office, which respondent shared. Respondent was informed of the attorney's suspension by a colleague about a week or two after the effective date. Respondent continued to work at the office for about two years.
On March 14, 2016, an individual met with the suspended attorney at the shared office to retain counsel for his brother, who had been arrested for drug related offenses and was incarcerated. On or about March 15, 2016, the individual arrived at the shared office and texted respondent. Respondent texted him back as follows: "[the suspended attorney] is in there - I'll be there in 30-40 just finishing with visiting your brother." The individual met with the suspended attorney, paid a substantial retainer, then left the office before respondent was able to meet up with him. Respondent was aware that the individual had left an envelope with the suspended attorney, but did not inquire as to the amount it contained.
On or about April 22, 2016, the individual met the suspended attorney at the warehouse where his brother was arrested. Respondent did not arrange for, or schedule, this meeting. Respondent learned of this meeting when she received a copy of the disciplinary complaint. Respondent never confronted the suspended attorney as to the meeting.
On or about July 12, 2016, respondent and the individual exchanged text messages wherein the individual inquired if he could meet "[Respondent] and [the suspended attorney] tomorrow afternoon," and whether, if she was "not available" if "[the suspended attorney]" might be available. Respondent texted him back: "I'll ask." The individual later texted respondent, [*2]asking whether "[Respondent] and [the suspended attorney] [would] be available tomorrow after 2 pm," and respondent texted back, "Yes come tomorrow." Neither the individual nor his brother were aware that the attorney had been suspended.
Respondent admits that her actions, as set forth above, violated the New York Rules of Professional Conduct to the extent that based upon the two charges alleged in the petition, she violated rules 5.5 (aiding a nonlawyer in the unauthorized practice of law), and 8.4(h) (engaging in conduct that adversely reflected on her fitness as a lawyer).
The parties list no factors in aggravation, and, pursuant to 22 NYCRR 1240.8(b)(2) and the ABA Standards for Imposing Lawyer Sanctions, have stipulated to numerous mitigating factors, including: respondent was raised in a single parent household, and since high school she has had financial responsibilities to help support her family; she supported herself through college and law school; she attended college with the help of athletic and academic scholarships; while in law school, respondent worked as a legal intern, and also worked as a clerk at another law firm at the same time; the suspended attorney was respondent's professional mentor and a father figure to her; upon her admission to the New York bar in 2011, respondent worked as a law associate while she also started her own law practice handling civil and matrimonial matters; respondent had only practiced as an attorney for five years when the suspended attorney was retained in this criminal matter; respondent's mother became seriously ill, and required hospitalization around the time of this criminal case; respondent was under a lot of stress in conducting her law practice while simultaneously becoming her mother's primary caretaker; respondent has cut ties with the suspended attorney; respondent has recently married and her husband is supportive of her life and career; respondent has accepted full responsibility for her misconduct and is remorseful for her conduct, has cooperated with the Committee's investigation and has retained an ethics counsel with whom she consults.
In support of the agreed to sanction, the parties rely on Matter of Davis (123 AD3d 155 [1st Dept 2014]) and Matter of Meltzer (293 AD2d 202 [1st Dept 2002]).
In consideration of the offending conduct, the factors presented in mitigation, and the cases relied upon, a public censure is warranted under the circumstances of this case.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [September 24, 2019]
The parties' motion for discipline by consent is granted, and respondent is publicly censured (M-2937). The Committee's petition of charges is denied as moot (M-1281).