Matter of Moskowitz (2020 NY Slip Op 07459)





Matter of Moskowitz


2020 NY Slip Op 07459


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Barbara R. Kapnick
Cynthia S. Kern
Lizbeth González
Martin Shulman, JJ.


Motion No. 2020-02761 Case No. 2020-03247 

[*1]In the Matter of Daniel P. Moskowitz, (Admitted as Daniel Paul Moskowitz), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daniel P. Moskowitz (OCA Atty. Reg. No. 1525146.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Daniel Paul Moskowitz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 24, 1976.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Daniel P. Moskowitz was admitted to the practice of law in the State of New York by the First Judicial Department on February 24, 1976, under the name of Daniel Paul Moskowitz. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
In July 2020, the Attorney Grievance Committee (the Committee), by petition of charges, commenced a disciplinary proceeding against respondent. The Committee alleged that respondent was guilty of certain misconduct in that he allowed a suspended attorney to operate an immigration practice under his name and aided her in the unauthorized practice of law.
The Committee and respondent now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and request that respondent be publicly censured.
A joint motion for discipline by consent must include a stipulation of facts, the respondent's conditional admission to acts of professional misconduct and the violation of specific Rules of Professional Conduct, the relevant factors in mitigation and aggravation, and a summary of the parties' agreed-upon disciplinary sanction (see 22 NYCRR 1240.8[a][5][i]). The motion must also be accompanied by an affidavit from the respondent acknowledging the respondent's conditional admission of misconduct, the respondent's freely given consent to the agreed-upon discipline, and the respondent's full awareness of the consequences of such consent (see 22 NYCRR 1240.8[a][5][iii]).
We turn first to the stipulated facts of respondent's misconduct. Respondent is the younger brother of Leah Larsen, who was admitted to the practice of law in the State of New York in 1978. Larsen's office was located at her residence at 98 Riverside Drive in Manhattan. By order dated January 31, 2008, we suspended Larsen from the practice of law for 2 1/2 years, effective February 29, 2008 (see Matter of Larsen, 50 AD3d 41 [1st Dept 2008]). Respondent knew that Larsen was suspended and was never reinstated.
Respondent assisted Larsen in or about 2008 to find work at Mision Hispana, a Manhattan agency offering immigration services. That agency ceased operations in early 2011, at approximately the same time that respondent was concerned that his assigned counsel work in Queens County Family Court would be reduced. Respondent accordingly sought to expand his practice and simultaneously assist his sister by opening a Manhattan immigration law practice in Larsen's former law office on Riverside Drive. Although respondent admittedly knew little about immigration law, he chose this specialization because of Larsen's background in this field.
Respondent originally planned to supervise Larsen, but when his Queens County Family Court assignments did not diminish, he rarely traveled to Manhattan and Larsen [*2]operated the immigration office. Respondent did not review, sign or authorize his signature on any of the retainers Larsen entered with clients. All legal fees went directly to Larsen, and none to respondent.
Between 2011 and 2018, Notices of Appearance for at least 74 clients were purportedly filed by respondent before the Immigration Court (EOIR-28) and before the Board of Immigration Appeals (EOIR-27). The notices listed 98 Riverside Drive as respondent's office and bore a signature. Respondent did not file or sign any of the notices of appearance; he did not authorize Larsen or anyone else to sign the notices, nor was he notified when they were filed.
In 2017, the Committee received a complaint alleging misconduct in the handling of an immigration matter by respondent, as attorney of record, and his "paralegal" (Larsen). A second similar complaint was received by the Committee in 2018. In each of these complaints, Leah Larsen, an alleged "paralegal," was identified as the individual who handled the matters. Neither complainant had ever met respondent. The Committee opened investigations into both matters.
By order filed December 12, 2019, we accepted Larsen's affidavit of resignation and struck her name from the roll of attorneys (see Matter of Larsen, 179 AD3d 84 [1st Dept 2019]). In an affidavit, Larsen attested that she could not defend against the Committee's allegations that, from February 2011 until on or about July 2018, she operated an immigration practice under her brother's name at her former law office under the pretense that she was acting as her brother's paralegal (id. at 85-86).
Based on these stipulated facts, respondent admits that he violated the New York Rules of Professional Conduct (22 NYCRR 1200.0) (RPC) in two respects.[FN1] First, respondent admits that he violated RPC rule 5.5(b) by aiding a suspended lawyer in the unauthorized practice of law, to wit, Leah Larsen, a suspended attorney, who provided legal opinions and advice and accepted legal fees to represent individuals in more than 60 immigration matters. Second, respondent admits that he violated RPC rule 8.4(h), since his conduct adversely reflected on his fitness as a lawyer.
We now review any factors in aggravation or mitigation. No aggravating factors are cited by the parties.
In mitigation, the parties jointly note that respondent has no prior attorney discipline, fully cooperated with the Committee, unequivocally expressed his extreme remorse, and offered his apology to this Court and the Bar for his misconduct.
As to the appropriate sanction, the parties request that respondent be publicly censured. We accept the parties' request, since we have previously imposed this discipline when confronted with comparable circumstances (see Matter of Radlin, 178 AD3d 61 [1st Dept 2019]; Matter of Davis 123 AD3d 155 [1st Dept 2014]; Matter of Meltzer, 293 AD2d 202 [1st Dept 2002]).
Accordingly, the parties' joint motion should be granted[*3], and respondent publicly censured. The Committee's petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and
It is further Ordered that respondent, Daniel P. Moskowitz, is publicly censured for his misconduct, and
It is further Ordered that the Committee's Petition of Charges is denied as moot.
Entered: [December 10, 2020]



Footnotes

Footnote 1: Respondent's admissions to violating the RPC are contained in an affidavit where he consents to the parties' agreed-upon discipline freely, voluntarily, and without coercion or duress.